PIETRANGELO v BURNS CLINIC MEDICAL CENTER, PC

Docket No. 110125. Submitted May 3, 1989, at Marquette. Decided August 8, 1989.

Amanda L. Pietrangelo, a minor, by her conservator, Deborah Lee Pietrangelo, and Deborah Lee and Thomas Pietrangelo, individually, residents of Chippewa County, brought a medical malpractice action in Chippewa Circuit Court against the Burns Clinic Medical Center, P.C., Dennis E. McGeath, M.D., Robert Graham, D.O., and Robert J. Graham, D.O., P.C. Plaintiffs alleged that, when medical treatment for Amanda was sought from defendant Graham in Chippewa County, Graham misdiagnosed the child's condition, causing her injury. Plaintiffs further alleged that treatment for Amanda was then sought from defendants Burns Clinic Medical Center and McGeath, located in Emmet County, where the girl's condition was again misdiagnosed. At the time the action was commenced, Graham was no longer residing in Chippewa County. Defendants McGeath and Burns Clinic moved for a change of venue pursuant to the provisions of the tort reform act. The Chippewa Circuit Court, Nicholas J. Lambros, J., ruled that venue was not properly laid under the act in Chippewa Circuit Court and ordered venue to be changed to Emmet Circuit Court. Plaintiffs appealed on leave granted.

The Court of Appeals *held:*

Venue for the cause of action against defendant Graham was properly laid in Chippewa County since the cause of action arose in that county and plaintiffs reside in that county. Since by statute one may bring joined causes of action in the county in which any one of the causes of action might be brought separately, it was error to order a change of venue on the claim against defendant McGeath and Burns Clinic on the basis that venue was improperly laid in Chippewa County.

Reversed and remanded.

VENUE — TORT REFORM ACT — MULTIPLE CAUSES OF ACTION.

Venue under the tort reform act is properly laid in the county in

REFERENCES

Am Jur 2d, Venue §§ 15, 16.

See the Index to Annotations under Venue.

which all or part of the cause of action arose and in which the plaintiff resides provided that there is not another county in which all or part of the cause of action arose and in which the defendant resides; where causes of action are joined, venue may be laid in any county in which any one of the causes of action could be commenced if brought separately (MCL 600.1629[1], 600.1641; MSA 27A.1629[1], 27A.1641).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Morton E. Schneider*), for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Thomas G. Parachini* and *Marjorie L. Kolin*), for defendants McGeath and Burns Clinic Medical Center.

*Peacock, Fordney, Cady, Ingleson & Prine, P.C.* (by *Harry Ingleson, II*), for defendant Graham.

Before: MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ.

GRIFFIN, J. Plaintiffs appeal on leave granted from a Chippewa Circuit Court order granting defendants' motion to transfer venue to Emmet County. We reverse and remand.

Through her conservator, minor plaintiff Amanda L. Pietrangelo, a resident of Chippewa County, filed a complaint in Chippewa Circuit Court alleging medical malpractice against the defendants. The complaint alleged that, when plaintiff sought medical treatment from defendant Robert Graham, D.O., in Chippewa County, defendant Graham misdiagnosed plaintiff's condition, causing her injuries. The complaint also alleged that plaintiff sought treatment in Emmet County from defendants Dennis E. McGeath, M.D., and Burns Clinic Medical Center, P.C., where her condition was again misdiagnosed. It is asserted in plaintiffs' complaint that the damages arising from both claims are joint and several. Plaintiffs Debo-

rah Lee and Thomas Pietrangelo, parents of the minor plaintiff, have brought a derivative claim.

At the time plaintiffs filed their complaint, defendant Graham was no longer residing in Chippewa County. Defendant Burns Clinic was operating a satellite office in Chippewa County, however the office was not in existence when plaintiffs' claim arose.

Defendants McGeath and Burns Clinic moved for a change of venue, arguing that, under the venue provisions of the tort reform act of 1986, MCL 600.1629; MSA 27A.1629, venue was not properly laid in Chippewa County. The trial court ruled that venue was improperly laid in Chippewa County and ordered the case transferred to the Emmet Circuit Court. The court also stated from the bench, but not in its order, that Emmet County was the more convenient forum.

On appeal, plaintiffs argue that the trial court erred by granting a change of venue as to all defendants. We agree.

Where the circuit court grants a motion for change of venue on the grounds of venue improperly laid, we review under a clearly erroneous standard. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 699; 311 NW2d 722 (1981).

Applicable to the instant case are the venue provisions of the tort reform act of 1986, MCL 600.1629(1); MSA 27A.1629(1):

 (a) A county in which all or a part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
 (i) The defendant resides, has a place of business, or conducts business in that county.
 (ii) The registered office of a defendant corporation is located in that county.

(b) If no county satisfies the criteria under subdivision (a), a county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The registered office of a plaintiff corporation is located in that county.

(c) If no county satisfies the criteria under subdivision (a) or (b), a county in which both of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county, or the registered office of a plaintiff corporation is located in that county.

(ii) The defendant resides, has a place of business, or conducts business in that county, or the registered office of a defendant corporation is located in that county.

Plaintiffs' complaint alleges two separate claims for medical malpractice. As to plaintiffs' claim against McGeath and Burns Clinic, venue is improperly laid in Chippewa County since Emmet County is where the action arose and where defendant has a place of business. MCL 600.1629(1)(a)(i); MSA 27A.1629(1)(a)(i). However, as to plaintiffs' claim against defendant Graham, Chippewa County is the proper venue since Chippewa County is the county where the cause of action arose and where the plaintiffs reside. MCL 600.1629(1)(b)(i); MSA 27A.1629(1)(b)(i).

Thus we have in the instant case two distinct but joined claims for which venue is proper in different counties. In such a situation, the provisions of MCL 600.1641; MSA 27A.1641 apply:

Where causes of action are joined, whether prop-

erly or not, the venue may be laid in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change pursuant to and subject to the conditions imposed by court rules.

We therefore conclude that the trial court clearly erred in granting defendants' motion for change of venue based upon venue improperly laid. MCR 2.223.

Although the lower court at the hearing discussed convenience as a basis for its decision, defendants' motion was not brought on such grounds nor was the issue briefed or argued by the parties. The order from which the instant appeal is taken specifies venue improperly laid as its sole basis.

Reversed and remanded. We do not retain jurisdiction.