SCHULTZ v SILVER LAKE TRANSPORT, INC

Docket No. 137015. Submitted July 6, 1994, at Detroit. Decided October 17, 1994, at 9:10 A.M.

Donna Schultz, as personal representative of the estate of Sandra Michalski, deceased, brought an action in the Wayne Circuit Court against Silver Lake Transport, Inc., Helen Kilduff, and others, seeking damages resulting from the decedent's death in a motor vehicle accident that occurred in Baraga County. The decedent was a passenger in a car driven by Kilduff that collided with trucks owned by Silver Lake Transport that were driven by the other individual defendants. Silver Lake Transport moved for a change of venue to Baraga County. The court, James A. Hathaway, J., found that venue did not properly lie in Wayne County, but transferred venue to Washtenaw County because Kilduff was a resident of that county when the suit was filed. Silver Lake Transport appealed by leave granted.

The Court of Appeals *held:*

In this case, where the plaintiff is a resident of either Kent or Ogemaw Counties, the truck drivers reside in Marquette County, Silver Lake Transport is located in Marquette County and does business in Baraga County, and Kilduff resides in Washtenaw County, venue properly lies only in Baraga County because that is where the cause of action arose and where Silver Lake Transport conducts business. Because MCL 600.1629(1)(a)(i); MSA 27A.1629(1)(a)(i) provides that Baraga County is the primary location for venue in this action, the remaining provisions of § 1629 regarding venue when no county satisfies the requirements of § 1629(1)(a)(i) are not applicable to this action. The trial court erred in transferring venue to Washtenaw County. The decision of the trial court must be reversed and the matter must be remanded to the trial court with directions to enter an order transferring venue to Baraga County.

Reversed and remanded.

REFERENCES

Am Jur 2d, Venue §§ 15, 29, 37.

Place where claim or cause of action "arose" under state venue statute. 53 ALR4th 1104.

1. VENUE — TORTS.

Venue in a tort action properly lies in the county where both all or part of the cause of action arises and the defendant resides or conducts business; where a county satisfies this requirement, it is the primary location for venue in the action (MCL 600.1629[1][a][i]; MSA 27A.1629[1][a][i]).

2. VENUE — COMPANIES — CONDUCTING BUSINESS.

For purposes of venue, a company conducts business in a county if the company has some real presence such as might be shown by systematic or continuous business dealings inside the county.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet Callahan Barnes* and *John H. Cowley, Jr.*), for Silver Lake Transport, Inc.

Before: SAWYER, P.J., and WEAVER and S. A. TURNER,* JJ.

SAWYER, P.J. Defendant Silver Lake Transport, Inc., appeals by leave granted from an order of the Wayne Circuit Court transferring venue to Washtenaw County. We reverse.

This action arises from a motor vehicle accident that occurred in Baraga County in the Upper Peninsula. Plaintiff's decedent was a passenger in a car driven by defendant Helen Kilduff. Plaintiff alleges that the accident occurred when defendant Kilduff lost control of her car and drove into the oncoming traffic, colliding with two trucks. The trucks were driven by defendants Ralph Bowns and Wade Soulliere, both of whom were employed by defendant Silver Lake Transport.

Suit was initially filed in Wayne County, appar-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ently because of plaintiff's belief that defendant Kilduff was a resident of Wayne County. While it appears that Kilduff was a resident of Wayne County at the time of the accident, at the time suit was filed she was a resident of Washtenaw County. Defendant Silver Lake Transport moved for a change of venue, alleging that venue did not properly lie in Wayne County, and requested that venue be transferred to Baraga County. The trial court agreed that venue did not properly lie in Wayne County, but transferred venue to Washtenaw County on the basis of Kilduff's residency there. Defendant Silver Lake Transport appeals by leave granted.

Because it is not disputed that venue did not properly lie in Wayne County, the only issue before us for determination is whether the Wayne Circuit Court should have transferred venue to Baraga County rather than Washtenaw County. We agree with Silver Lake that venue properly lies in Baraga County. The parties to this action reside in various locations in Michigan: plaintiff is a resident of either Kent or Ogemaw Counties,[1] Bowns and Soulliere reside in Marquette County, Silver Lake is located in Marquette County and does business in Baraga County, and, as previously mentioned, Kilduff resides in Washtenaw County.

Silver Lake's argument is fairly straightforward. It argues that venue properly lies in Baraga County under the provisions of MCL 600.1629(1); MSA 27A.1629(1), which provides as follows:

> Subject to subsection (2), in an action based on tort, the following provisions apply:
> (a) A county in which all or a part of the cause

---

[1] Plaintiff's complaint alleged that she was a resident of Kent County, while plaintiff's answer to the motion for change of venue asserted that she was a resident of Ogemaw County.

of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The defendant resides, has a place of business, or conducts business in that county.

(ii) The registered office of a defendant corporation is located in that county.

(b) If no county satisfies the criteria under subdivision (a), a county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The registered office of a plaintiff corporation is located in that county.

(c) If no county satisfies the criteria under subdivision (a) or (b), a county in which both of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county, or the registered office of a plaintiff corporation is located in that county.

(ii) The defendant resides, has a place of business, or conducts business in that county, or the registered office of a defendant corporation is located in that county.

(d) If no county satisfies the criteria under subdivision (a), (b), or (c), a county which satisfies the criteria under section 1621 or 1627 is a proper county in which to commence and try an action.

Silver Lake maintains that Baraga County is where venue properly lies under § 1629(1)(a)(i) both because it is the county where the cause of action arose and because Silver Lake conducts business in that county.

Plaintiff offers two reasons why the trial court did not err in failing to transfer venue to Baraga

County.[2] Specifically, plaintiff argues, first, that venue was not proper in Baraga County because none of the defendants in fact reside or conduct business in Baraga County, and, secondly, that, even if venue was proper in Baraga County, because venue was also proper in Washtenaw County it was not erroneous for the trial court to transfer venue to Washtenaw County. We turn first to the argument that venue does not properly lie in Baraga County.

As indicated above, Silver Lake's argument that venue lies properly in Baraga County is based on the provisions of § 1629(1)(a)(i), which provides that venue is proper in a tort action in the county where both all or part of the cause of action arises and the defendant resides or conducts business. In fact, under § 1629, that is the primary location for venue in a tort action, the remainder of the statute applying only if no county satisfies that requirement. See § 1629(1)(b). Although none of the defendants reside in Baraga County, defendant maintains that it does conduct business in Baraga County. We agree with Silver Lake's assertion that it conducts business in Baraga County.

Silver Lake is a trucking company that has two customers located in Baraga County at which it makes regular pickups. In fact, Silver Lake Transport had multiple vehicles in Baraga County doing business for defendant at the time of the accident. A company conducts business in a county for venue purposes if the company has some real presence such as might be shown by systematic or

---

[2] Plaintiff also offers arguments regarding why it was not proper to transfer venue to Baraga County on the basis of a change of venue because of hardship or inconvenience. However, because we reach our decision in this case on the basis of a conclusion that Baraga County is the proper location for venue in the first instance, and not merely because transfer of venue was appropriate because of inconvenience or hardship, we need not analyze those additional arguments.

continuous business dealings inside that county.
*Marposs Corp v Autocam Corp,* 183 Mich App 166,
172; 454 NW2d 194 (1990).

Silver Lake has customers in Baraga County,
regularly services those customers, and in fact was
present in Baraga County servicing customers
when involved in the accident. We can think of
nothing that more quintessentially defines the
business of a trucking company than to drive
along the road. Perhaps we might conclude that a
trucking company does not conduct business in a
county where its trucks merely drive across the
county, making no stops within the county at or
on behalf of a customer. However, in the case at
bar, Silver Lake does not incidentally drive across
Baraga County, but makes stops in Baraga County
because it has customers in Baraga County. Ac-
cordingly, we conclude that Silver Lake does, in
fact, conduct business in Baraga County.

For the above reasons, we conclude that venue
does properly lie in Baraga County under § 1629(1)
(a)(i). Therefore, we need not, as plaintiff suggests,
look to either MCL 600.1621; MSA 27A.1621 or
MCL 600.1627; MSA 27A.1627 because there is no
county that satisfies the provisions of § 1629. See
§ 1629(1)(d).

Plaintiff's other argument, that because venue
also properly lies in Washtenaw County it was
within the trial court's authority to transfer venue
to Washtenaw County rather than Baraga County,
is similarly without merit. There are two different
aspects to this argument.

The first, and more straightforward, is that
venue could be transferred to Washtenaw County,
the county of residence of Kilduff, if there is no
higher priority for any other county. This would
be the case if venue cannot be ascertained under
§ 1629(1), and, in accordance with the provisions of

§ 1629(1)(d), the court must look to §§ 1621 or 1627 to determine venue. Under § 1621(a), venue properly lies where a defendant resides, has a place of business, conducts business, or has a registered office, even though the cause of action did not arise in that county, and under § 1627, venue properly lies in the county where the cause of action arose, even though none of the parties may have resided in that county.

Plaintiff argues that because Kilduff resides in Washtenaw County, Washtenaw County is a proper place for venue under § 1621 and, although other counties might also be eligible for venue under §§ 1621 or 1627, because Washtenaw County was an acceptable choice, the trial court did not err in transferring venue to Washtenaw County. However, because venue properly lies in Baraga County under § 1629(1)(a), as discussed above, the provisions of § 1629(1)(d), which direct the court to §§ 1621 and 1627, are never reached. Accordingly, Washtenaw County does not become a choice for venue.

The second, and more convoluted, analysis under this theory involves an example situation in which plaintiff had merely sued Kilduff alone and, because Washtenaw County would have been a proper venue under those circumstances, it remains a proper venue under the current situation. We disagree. Plaintiff is correct that had she merely sued Kilduff, venue would properly lie in Washtenaw County. This is because the cause of action arose in Baraga County and neither plaintiff nor Kilduff resides in Baraga County or the same county, and, therefore, the venue provisions of § 1629 do not apply and, under the provisions of § 1629(1)(d), the court would have to look to §§ 1621 and 1627. As noted above, under § 1621,

the county in which a defendant resides is a proper place of venue. Accordingly, had plaintiff only sued Kilduff, suit could have been brought in Washtenaw County.

However, plaintiff did not solely sue Kilduff. In our opinion, venue must be determined not by what plaintiff could have done, but by what plaintiff did do. Perhaps plaintiff could have initiated a suit against Kilduff alone in Washtenaw County and thereafter added the remaining defendants by amending her complaint and by doing so retain venue in Washtenaw County. We offer no opinion regarding whether such maneuvering would successfully avoid the venue provisions of § 1629 because that is not what happened here and we need not decide the issue. Because Silver Lake was an initial defendant, and because venue in a lawsuit against Silver Lake properly lies in Baraga County under the facts of this case, in accordance with the provisions of § 1629(1)(a)(i), then the provisions of § 1629 cannot be avoided.

In support of her theory, plaintiff relies upon our opinion in *Pietrangelo v Burns Clinic Medical Center, PC,* 179 Mich App 302; 445 NW2d 194 (1989). In *Pietrangelo,* the plaintiff brought a medical malpractice action that included claims against Dr. Robert Graham for alleged negligence that occurred in Chippewa County and Dr. Dennis McGeath and Burns Clinic, for alleged negligence that occurred in Emmet County. The plaintiff filed suit in Chippewa County. Defendants McGeath and Burns Clinic moved for a change of venue, arguing that venue did not properly lie in Chippewa County under § 1629. This Court disagreed, relying on § 1641. Section 1641 provides that where causes of action are joined, venue lies in

any county in which either cause of action, if sued upon separately, could have been brought. MCL 600.1641; MSA 27A.1641. The Court concluded that because venue did lie in Chippewa County with respect to the claim against Dr. Graham, under the provisions of § 1641 venue was also proper in Chippewa County for the joined claims against Dr. McGeath and Burns Clinic.

*Pietrangelo,* however, is irrelevant to the case at bar. This action does not involve the joinder of separate claims, but a single claim against multiple defendants. That is, *Pietrangelo* involved a case in which a plaintiff had separate claims of malpractice against separate defendants, but chose to join them in the same action. The case at bar, on the other hand, involves a single claim, a single motor vehicle accident, that happens to involve multiple defendants. Accordingly, § 1641 does not apply to the case at bar and plaintiff's reliance on *Pietrangelo* is misplaced. Because this case involves a single claim against multiple defendants, the mere fact that venue may have properly lain in a different county had plaintiff chosen to sue only one of those defendants is irrelevant. Plaintiff sued these multiple defendants and, as discussed above, § 1629 controls the venue decision in this case, and, when applied to the facts of this case, venue properly lies only in Baraga County.

For the above reasons, we conclude that the only county in which venue properly lies in this case is Baraga County. Accordingly, the trial court clearly erred in transferring venue to Washtenaw County. Rather, venue should have been transferred to Baraga County. Therefore, we reverse the decision of the Wayne Circuit Court transferring venue to Washtenaw County and remand the matter to the

Wayne Circuit Court with directions to enter an order transferring venue to Baraga County.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Silver Lake may tax costs.

S. A. TURNER, J., did not participate.