MASSEY v MANDELL

Docket No. 115398. Argued April 4, 2000 (Calendar No. 3). Decided
July 11, 2000.

Maureen Massey, for herself and as the personal representative of the
estate of Jeremy Massey, deceased, brought an action in the Wayne
Circuit Court against the Children's Center of Detroit; Camp Niobe
and certain of its employees, including Joanne Mandell; and others
for the wrongful death of Jeremy while swimming at the camp dur-
ing an outing sponsored by the center. The camp and Ms. Mandell
sought a change of venue to Lapeer County where the camp was
located. The court, Amy P. Hathaway, J., denied a change of venue
because both the plaintiff and the Children's Center were in Wayne
County. The Court of Appeals, D. E. HOLBROOK JR. and MICHAEL J.
KELLY, JJ. (GAGE, P.J., dissenting), granted immediate consideration
and denied leave to appeal and a stay of proceedings for lack of
merit in the grounds presented (Docket No. 219751). Ms. Mandell
and the camp appeal.

In an opinion by Justice TAYLOR, joined by Chief Justice WEAVER,
and Justices YOUNG and MARKMAN, the Supreme Court *held*:

Venue was not improperly laid in Wayne County. Neither MCL
600.1629(1)(a), (b), nor (c); MSA 27A.1629(1)(a), (b), nor (c)
answered whether venue in Wayne County was improper. Pursuant
to subsection (1)(d) venue was to be analyzed pursuant to § 1621
or § 1627.

MCL 600.1629; MSA 27A.1629, the venue statute, refers to MCL
600.1621; MSA 27A.1621 or MCL 600.1627; MSA 27A.1627. Applica-
tion of § 1621 leads to the conclusion that Wayne County was a
proper county in which the plaintiff was free to file her lawsuit
because at least one defendant, the Children's Center, has a place
of business and conducts business in Wayne County. Alternatively,
application of § 1627, which, with several exceptions, provides that
venue is to be in a county where all or a part of the cause of action
arose, also supports a Wayne County venue because the plaintiff
asserts that part of her cause of action arose in Wayne County.

Justice CORRIGAN, joined by Justices CAVANAGH and KELLY, concur-
ring, stated that MCL 600.1641; MSA 27A.1641 applies to claims
involving the joinder of multiple causes of action. Whether the

plaintiff's claim in this case involves the joinder of multiple causes of action under § 1641 depends on the proper construction of the statutory phrase cause of action.

Section 1641 is not a substantive venue provision because, standing alone, it does not instruct a litigant where to file an action. Rather, it demands reference to the various substantive venue statutes. It merely explains that when a case involves joined causes of action, the entire case may be brought in any county in which it would have been proper to bring one of the various joined causes of action, if that cause of action had been sued upon separately. To determine whether a particular county would have been a proper venue for one of the various joined causes of action sued upon separately, one must refer to whichever substantive venue statute is applicable.

Subsection 1641(2) provides an exception to the general rule set forth in subsection 1641(1) that venue for the entire case is proper in any county in which one of the joined causes of action could have been brought separately. In cases involving joined causes of action, where at least one cause of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue must be determined according to the rules of § 1629. Section 1629 is the substantive venue statute applicable to causes of action sounding in tort and wrongful death. Subsection 1641(2) creates a preference for § 1629 over the other substantive venue statutes.

Applying the rules of §§ 1641 and 1629 to the facts of this case, it becomes evident that the trial court did not clearly err in determining that Wayne County is a proper venue. If the plaintiff had brought suit against only the Children's Center, then venue would have been proper in Wayne County under § 1629. Subsection 1629(1)(a) would not apply, because the original injury occurred in Lapeer County and the Children's Center is a Wayne County organization. Subsection 1629(1)(b) would not apply because the original injury occurred in Lapeer County and the plaintiff is a Wayne County resident. Wayne County would satisfy the criteria of subsection 1629(1)(c), however, because no county satisfied the criteria of subsections (1)(a) or (1)(b), the plaintiff is a Wayne County resident, and the Children's Center has its place of business in Wayne County. If the plaintiff had brought suit against only defendant Camp Niobe, venue would have been proper only in Lapeer County under subsection 1629(1)(a), because the original injury occurred in Lapeer County and Camp Niobe has its place of business in Lapeer County. Because the plaintiff elected to bring this suit against both the Children's Center and Camp Niobe, and cer-

tain of their agents, this case involves the joinder of multiple causes of action. Under the general rule set forth in § 1641, venue would be proper in any county in which one of the joined causes of action could have been brought separately, i.e., Wayne County and Lapeer County. Because each of these possible venues is determined by application of the substantive rules of § 1629, the exception set forth in subsection 1641(2) would have no practical effect.

Affirmed.

*Donald M. Fulkerson* for plaintiff-appellee.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Gregory Gromek*), for defendants-appellants Mandell and Camp Niobe.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Janice G. Hildenbrand*), for defendants Children's Center and Dilg.

TAYLOR, J. We granted leave to appeal to consider defendants Camp Niobe's and Joanne Mandell's claim that the trial court had erred in denying their motion to change venue from Wayne County to Lapeer County. Because we conclude that venue in Wayne County was proper, we affirm the judgment of the trial court.

### I. FACTS AND PROCEEDINGS BELOW

Plaintiff's decedent, nine-year-old Jeremy Massey, was a foster child in Detroit. On June 28, 1998, Jeremy participated in an outing sponsored by the Children's Center of Detroit at Camp Niobe in Lapeer County. Tragically Jeremy drowned while in the swimming area at the camp. Maureen Massey filed a lawsuit in Wayne County as personal representative of Jeremy's estate. The lawsuit named as defendants the Children's Center and one of its employees, Lisa

Dilg, and Camp Niobe and some of its employees, including Mandell.

The camp and Mandell filed a motion for change of venue, arguing that venue in Wayne County was improper and that, pursuant to MCL 600.1629(1)(a); MSA 27A.1629(1)(a)[1] venue in Lapeer County was proper because the camp was located and conducts business in Lapeer County and the drowning took place in Lapeer County. Plaintiff opposed the motion, arguing that the criteria under subd (1)(a) and (b) of the statute did not apply, but that venue in Wayne County was proper pursuant to subd (1)(c)[2] because

---

[1] MCL 600.1629;  MSA 27A.1629 states:

(1) [I]n  an  action  based  on  tort . . . seeking  damages for . . . wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) *The defendant* resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of *a defendant* is located in that county. [Emphasis added.]

[2] MCL 600.1629;  MSA 27A.1629 states:

(1) [I]n  an  action  based  on  tort . . . seeking  damages for . . . wrongful death, all of the following apply:

*          *          *

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:

(i) *The plaintiff* resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(ii) *The defendant* resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county. [Emphasis added.]

plaintiff resided there and the Children's Center did business there.

The trial court denied the motion to change venue on the basis that both the plaintiff and the Children's Center were in Wayne County. Camp Niobe and Mandell filed an application for leave to appeal, a motion for immediate consideration, and a request for a stay with the Court of Appeals. The Court of Appeals granted immediate consideration and denied the application and stay "for lack of merit in the grounds presented."[3] The camp and Mandell then filed a motion for immediate consideration, an application for leave to appeal, and a motion for stay with this Court. This Court granted immediate consideration and granted a stay and leave to appeal.[4]

## II. STANDARD OF REVIEW

This Court reviews a trial court's ruling in response to a motion to change improper venue under the clearly erroneous standard. *Shock Bros, Inc v Morbark Industries, Inc*, 411 Mich 696, 698-699; 311 NW2d 722 (1981).  Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

## III. PRINCIPLES OF STATUTORY CONSTRUCTION

In examining a statute, it is our obligation to discern the legislative intent that may reasonably be

---

[3] Unpublished order, entered August 16, 1999 (Docket No. 219751). Judge GAGE dissented indicating she would have granted a stay and leave to appeal.

[4] 461 Mich 905 (1999).

inferred from the words expressed in the statute. *White v Ann Arbor*, 406 Mich 554, 562; 281 NW2d 283 (1979). One fundamental principle of statutory construction is that "a clear and unambiguous statute leaves no room for judicial construction or interpretation." *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993). Thus, when the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is to apply the terms of the statute to the circumstances in a particular case. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). Concomitantly, it is our task to give the words used by the Legislature their common, ordinary meaning. MCL 8.3a; MSA 2.212(1).

### IV. THE STATUTE

MCL 600.1629; MSA 27A.1629 in full provides:

(1) Subject to subsection (2) *in an action based on tort or another legal theory seeking damages for* personal injury, property damage, or *wrongful death, all of the following apply*:

(a) *The county in which the original injury occurred and* in which *either* of the following applies is a county in which to file and try the action:

(i) *The defendant* resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of *a defendant* is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which *either* of the following applies is a county in which to file and try the action:

(i) *The plaintiff* resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of *a plaintiff* is located in that county.

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which *both* of the following apply is a county in which to file and try the action:

(i) *The plaintiff* resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(ii) *The defendant* resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

(2) Any party may file a motion to change venue based on hardship or inconvenience.

(3) For the purpose of this section only, in a product liability action, a defendant is considered to conduct business in a county in which the defendant's product is sold at retail. [Emphasis added.]

### V. ANALYSIS

The parties agree that the original injury for purposes of construing § 1629 was the drowning and that the drowning occurred in Lapeer County. The camp and Mandell argue that they satisfy subd (1)(a) of § 1629 because the original injury occurred in Lapeer County and they reside, have a place of business, or conduct business in Lapeer County. The plaintiff argues however that when subd (1)(a) is carefully analyzed the argument for mandatory venue in Lapeer County fails.

Subd (1)(a) provides that, using the place of original injury (Lapeer County) as the referent, the inquiry is then if either of the following apply:

(i) *The defendant* resides, has a place of business, or conducts business in that county.

(ii) The corporate registered office of *a defendant* is located in that county. [Emphasis added.]

Accordingly, subd (1)(a)(i) requires that "[t]he defendant" reside, have a place of business, or conduct business in the county.[5] Here, we have a case with four defendants.[6] The camp and Mandell would satisfy subd (1)(a)(i) if either were the only defendant. Moreover, the Children's Center and Lisa Dilg would not satisfy subd (1)(a)(i) even if they were the only defendant. These circumstances are fatal to the camp's and Mandell's reliance on subd (1)(a)(i).[7]

Having determined that subd (1)(a)(i) does not apply, we next must determine if subd (1)(a)(ii) required venue be established in Lapeer County.

---

[5] The use of the word "the" has a meaning that is different than the word "a." Subd (1)(a)(i) does not say "a defendant" resides, has a place of business, or conducts business in the county. Nor does it say "one of the defendants." Rather, it says "the defendant." Thus, in order for the camp's and Mandell's position to prevail, we would have to read "the" as if it said "a." This we decline to do. "The" and "a" have different meanings. "The" is defined as "definite article. 1. (used, esp. before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an). . . ." *Random House Webster's College Dictionary*, p 1382. Moreover, when, as in subd (1)(a), the Legislature has qualified the same word with the definite article "the" in one instance (subd [1][a][i]) and the indefinite article "a" in another instance (subd [1][a][ii]), and both are within the same subsection of a statute, even more clearly there can be no legitimate claim that this Court should read "the" as if it were "a."

[6] Plaintiff has apparently been unable to serve process on two of the six defendants named in the caption.

[7] Further demonstration that the Legislature itself is familiar with the difference between using "the defendant" and "a defendant" in a venue statute can be seen by the fact that MCL 600.1621(a); MSA 27A.1621(a) says that, in certain circumstances, venue is proper in the county "in which *a* defendant resides . . . ." In contrast with such language, MCL 600.1629(1)(a)(i); MSA 27A.1629(1)(a)(i) provides that venue is proper in the county in which "[t]he defendant resides . . . ."

Under this subdivision, venue would be required to be in the county where the original injury occurred if a defendant is a corporation and its registered corporate office is in the same county. "A," as the above makes clear, should be understood to cover a case with more than one defendant and one of them is a corporation. In the case at bar none of the defendants has asserted that it is a corporation or that it has its corporate registered office in Lapeer County. Accordingly, subd (1)(a)(ii) is also inapplicable.

The statute next instructs that, if a county does not satisfy the criteria in subd (1)(a), one must look to subd (1)(b). Under subd (1)(b), Lapeer County would be the proper venue if "[t]he plaintiff" resided there, or had a place of business there or conducted business there or if "a plaintiff" had a registered corporate office there. None of these criteria are satisfied.

The statute next instructs that if a county does not satisfy subd (1)(a) or (1)(b) that one must look to subd (1)(c). Under subd (1)(c), the county in which the original injury occurred is no longer a consideration. Rather, if there is a county wherein "[t]he plaintiff" resides, or has a place of business, conducts business or has its registered office, *and* at the same time "[t]he defendant" resides or has a place of business or conducts business or has its registered corporate office, then such a county is a county in which to try an action. Plaintiff argues that Wayne County comes within subd (1)(c). We cannot agree. There is no question that plaintiff resides in Wayne County. However, subd (1)(c)(ii) also requires that "[t]he defendant" reside, have a place of business, conduct business, or have its registered office in Wayne County before Wayne County would be "a county in

which to file and try the action . . . ." MCL 600.1629(1)(c); MSA 27A.1629(1)(c). As before, "the" does not mean "a" and thus the requirements of subd (1)(c)(ii) are not satisfied merely because one or more of the defendants reside or have a place of business or conduct business in Wayne County.

The statute next instructs that if a county does not satisfy subd (1)(a), (1)(b), or (1)(c) one must look to subd (1)(d), which provides:

> If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

Thus, we are instructed to consult MCL 600.1621; MSA 27A.1621, which provides:

> Except for actions provided for in sections 1605, 1611, 1615, and 1629, venue is determined as follows:
> (a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

Sections 1605,[8] 1611,[9] 1615[10] do not apply here. This means we must look to § 1629, which by its terms refers us to § 1621 or § 1627.

Applying § 1621 leads to the conclusion that Wayne County was a proper county in which plaintiff was free to file her lawsuit because at least one defendant

---

[8] MCL 600.1605; MSA 27A.1605 establishes venue for certain real property lawsuits.

[9] MCL 600.1611; MSA 27A.1611 establishes venue for actions involving probate bonds.

[10] MCL 600.1615; MSA 27A.1615 establishes venue for actions against governmental units.

(The Children's Center) has a place of business and conducts business in Wayne County. Alternatively, applying § 1627 (which, with several exceptions, provides that venue shall be in a county where all or a part of the cause of action arose) also supports a Wayne County venue because plaintiff asserts. that part of her cause of action arose in Wayne County.

### VI. CONCLUSION

In summary then, because MCL 600.1629; MSA 27A.1629 referred us to MCL 600.1621; MSA 27A.1621 or MCL 600.1627; MSA 27A.1627 and Wayne County satisfies the venue criteria of §§ 1621 and 1627, venue in Wayne County was proper. Thus, the trial court properly denied the camp's and Mandell's motion.

WEAVER, C.J., and YOUNG and MARKMAN, JJ., concurred with TAYLOR, J.

CORRIGAN, J. I concur in the result reached by the majority, but for a different reason. In my view, the answer to the difficult venue question presented in this case lies in § 1641 of the Revised Judicature Act, which provides in full:

(1) Except as provided in subsection (2), if causes of action are joined, whether properly or not, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change as provided by court rule.

(2) If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629.

Section 1641 applies to claims involving the joinder of multiple "causes of action." Whether plaintiff's claim in this case involves the joinder of multiple "causes of action" under § 1641 depends on the proper construction of the statutory phrase "cause of action."

When examining a statute, our primary task is to discern and give effect to the intent of the Legislature. *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999). This task begins by examining the language of the statute itself, as the words of a statute provide "the most reliable evidence of its intent." See *id.,* quoting *United States v Turkette,* 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). If statutory language is clear and unambiguous, the Legislature will be presumed to have intended the meaning plainly expressed, and the language must be applied as written. "No further judicial construction is required or permitted." *Sun Valley, supra* at 236. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. *Id.* The interpretation of individual words and phrases within a statute is governed by MCL 8.3a; MSA 2.212(1), which provides:

> All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

"Cause of action" is a legal term of art. Therefore, it must be understood according to its "peculiar and appropriate meaning." MCL 8.3a; MSA 2.212(1). Depending on the context in which it is used, the term "cause of action" could mean (1) a particular

claim against a particular defendant, (2) a legal theory, or (3) a lawsuit. Black's Law Dictionary (7th ed), p 214, gives three alternate definitions corresponding to these three general ideas:

> 1. A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person; CLAIM (4) <after the crash, Aronson had a cause of action>.
>
> *          *          *
>
> 2. A legal theory of a lawsuit <a malpractice cause of action. Cf. RIGHT OF ACTION>.—Also termed (in senses 1 & 2) *ground of action.*
>
> *          *          *
>
> 3. Loosely, a lawsuit <there are four defendants in the pending cause of action>.

Section 1641 describes "causes of action" that are "joined." For purposes of joinder, this Court has repeatedly defined "cause of action," as being "the fact or combination of facts giving rise to or entitling a party to sustain an action." See *Multiplex Concrete Machinery Co v Saxer*, 310 Mich 243, 253; 17 NW2d 169 (1945); *Brewster Loud Lumber Co v General Builders' Supply Co*, 233 Mich 633, 638; 208 NW 28 (1926); *Otto v Highland Park*, 204 Mich 74, 80; 169 NW 904 (1918). Because § 1641 speaks in terms of the joinder of causes of action, this definition of "cause of action," which is generally consistent with the word "claim," best represents the "peculiar and appropriate meaning" of the statutory term in this context.

Understanding "cause of action" to mean "the combination of facts giving rise to or entitling a party to

sustain an action," e.g., *Multiplex Concrete Machinery, supra* at 253, supports the conclusion that separate claims against various defendants amount to separate "causes of action." In this case, because each of plaintiff's claims involves the alleged negligence of a different person or entity, each claim involves a different "combination of facts" entitling plaintiff to "sustain an action," and, therefore, each amounts to a separate "cause of action." The conclusion that each claim amounts to a separate "cause of action" is further supported by the fact that defendant could have elected to sue any one of the defendants alone without joining her claims against the other defendants.[1]

Section 1641 is not a substantive venue provision. Standing alone, it does not instruct a litigant where to file an action. Rather, it demands reference to the various substantive venue statutes. Section 1641 explains that when a case involves joined "causes of action," the entire case may be brought in any county in which it would have been proper to bring one of the various joined causes of action, if that cause of action had been sued upon separately. To determine whether a particular county would have been a proper venue for one of the various joined causes of

---

[1] The Court of Appeals, in *Schultz v Silver Lake Transport, Inc*, 207 Mich App 267, 275; 523 NW2d 895 (1994), reached a different conclusion on this issue. There, the Court of Appeals held that a negligence suit against several defendants residing in different counties did "not involve the joinder of separate claims, but a single claim against multiple defendants." *Schultz* did not cite any authority for its conclusion that a tort claim brought against several defendants for damages arising from a single accident does not involve the joinder of separate claims. Nor did the Court of Appeals explain its conclusion. Accordingly, I would reject the conclusion reached in *Schultz, supra.*

action sued upon separately, one must refer to whichever substantive venue statute is applicable.[2]

Subsection 1641(2) provides an exception to the general rule set forth in subsection 1641(1) that venue for the entire case is proper in any county in which one of the joined causes of action could have been brought separately. In cases involving joined causes of action, where at least one cause of action is "based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death," venue must be "determined" according to the rules of § 1629. Section 1629 is the substantive venue statute applicable to causes of action sounding in tort and wrongful death. Subsection 1641(2) creates a preference for § 1629 over the other substantive venue statutes.

Consider, for instance, a complaint that joins a cause of action sounding in tort with a cause of action sounding in contract. The proper venue for the tort cause of action would be determined by reference to § 1629, which is the substantive venue provision applicable to tort actions. The proper venue for the contract cause of action would be determined by reference to § 1621, which is the substantive venue provision applicable to contract actions. Under the general rule set forth in subsection 1641(1), either of these venues would be permissible for the entire case. Under the exception set forth in subsection 1641(2), however, only the venue determined proper by reference to § 1629 would be permissible for the entire case. Thus, the practical effect of subsection

---

[2] The substantive venue statutes are §§ 1605, 1615, 1621, 1627, 1629, and 1635.

1641(2) is that, in cases involving the joinder of multiple causes of action, venues determined by reference to § 1629 take precedence over venues determined by reference to the other substantive venue provisions.

Applying the rules of § 1641 and § 1629 to the facts of this case, it becomes evident that the trial court did not clearly err in determining that Wayne County is a proper venue. If plaintiff had brought suit against only the Children's Center, then venue would have been proper in Wayne County under § 1629. Subsection 1629(1)(a) would not apply, because the original injury occurred in Lapeer County and the Children's Center is a Wayne County organization. Subsection 1629(1)(b) would not apply because the original injury occurred in Lapeer County and plaintiff is a Wayne County resident. Wayne County would satisfy the criteria of subsection 1629(1)(c), however, because no county satisfied the criteria of subsections (1)(a) or (1)(b), plaintiff is a Wayne County resident, and the Children's Center has its place of business in Wayne County.

On the other hand, if plaintiff had brought suit against only defendant Camp Niobe, venue would have been proper only in Lapeer County under subsection 1629(1)(a), because the original injury occurred in Lapeer County and Camp Niobe has its place of business in Lapeer County. Because plaintiff elected to bring this suit against *both* the Children's Center and Camp Niobe (as well as a number of the individual agents of those entities), this case involves the joinder of multiple "causes of action." Under the general rule set forth in § 1641, venue would be proper in any county in which one of the joined causes of action could have been brought separately.

In this case, as set forth above, that would include both Wayne County (for the cause of action against the Children's Center) and Lapeer County (for the cause of action against Camp Niobe). Because each of these possible venues is "determined" by application of the substantive rules of § 1629, the exception set forth in subsection 1641(2) would have no practical effect in this case.

CAVANAGH and KELLY, JJ., concurred with CORRIGAN, J.