YONO v CARLSON

Docket No. 281268. Submitted January 14, 2009, at Lansing. Decided
    April 28, 2009, at 9:05 a.m.

Marcus Yono, Livingston Building Company, L.L.C., and Suttons
    Pointe Development, L.L.C., brought an action in the Living-
    ston Circuit Court against Eric Carlson and Leelanau Enter-
    prise, Inc., alleging and seeking damages for defamation. Carl-
    son, a reporter for the Leelanau Enterprise, a weekly newspaper
    printed in Leelanau County and owned by Leelanau Enterprise
    (whose corporate registered office is in Leelanau County), had
    written in the newspaper about Livingston Building Company's
    Bay View project in Sutton's Bay, Leelanau County. Yono, a
    Livingston County resident, was the sole member of Livingston
    Building Company, which was located in Livingston County.
    Yono was also a member and manager of Suttons Pointe
    Development. The court, Stanley J. Latreille J., granted a
    motion by the defendants for a change of venue to Leelanau
    County. The plaintiffs appealed by delayed leave granted.

The Court of Appeals *held*:

The trial court correctly granted the motion for change of
venue. Venue for this case properly lies in Leelanau County.

MCL 600.1629(1) provides in part that a tort action seeking
damages for personal injury or property damage must be filed in
the county in which the original injury occurred and where the
defendant resides, has a place of business, or conducts business,
or where the corporate registered office of a defendant is
located. In an action for defamation per se against a periodical
or newspaper, the allegedly defamatory statement, by itself,
injures the reputation of the plaintiff and damages are pre-
sumed. In such a case, the "injury," as contemplated in MCL
600.1629(1)(a), occurs in the county in which the periodical or
newspaper was first printed and issued. Here, the injury oc-
curred, and the defendants have their registered corporate
office, in Leelanau County.

Affirmed.

VENUE — DEFAMATION — PERIODICALS OR NEWSPAPERS.

"Injury," as contemplated in the venue statute for tort actions, occurs in an action for defamation per se against a periodical or newspaper in the county where the periodical was first printed and issued (MCL 600.1629[1][a]).

*Myers & Myers, PLLC* (by *Roger L. Myers* and *Eric C. Jones*), for the plaintiffs.

*Traverse Legal, PLC* (by *Mark G. Clark*) for the defendants.

Before: OWENS, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Plaintiffs appeal by delayed leave granted the trial court's order granting defendants' motion for change of venue. We affirm.

The facts submitted established that plaintiff Marcus Yono is a resident of Livingston County. He is also the sole member of plaintiff Livingston Building Company, L.L.C., a construction company based in Livingston County, and is a member and manager of plaintiff Suttons Pointe Development, L.L.C. Livingston Building Company is currently building a project called Bay View in Suttons Bay in Leelanau County. Defendant Eric Carlson is a reporter for the Leelanau Enterprise, a weekly newspaper located in Leelanau County and owned by defendant Leelanau Enterprise, Inc. The newspaper is printed solely in Leelanau County, does not advertise in Livingston County, and mails by subscription to no more than 19 addresses in Livingston County.

The complaint in this action arises out of several allegedly defamatory statements concerning plaintiffs' Bay View project that were published in defendants' newspaper. Plaintiffs allege that such publication damaged their reputation in Livingston County by impugn-

ing their business integrity and raising concerns about their financial solvency. Plaintiffs further allege that as a result of the damage to their reputation, they have suffered economic loss in that some people have cancelled their purchase agreements for condominium units in the Bay View project. On defendants' motion, the trial court transferred venue from Livingston County to Leelanau County after determining that the original injury occurred in Leelanau County.

Plaintiffs claim that because the original injury occurred in Livingston County, venue is proper there and the trial court erred by transferring venue to Leelanau County. We disagree. A trial court's ruling in response to a motion to change improper venue is reviewed for clear error. *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* However, this case involves the interpretation of a statute, which is a question of law calling for review de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995). The primary objective of statutory interpretation is to ascertain and give effect to the intent of the Legislature from the plain language of the statute. *Lash v Traverse City*, 479 Mich 180, 186-187; 735 NW2d 628 (2007).

MCL 600.1629 provides, in relevant part:

(1) Subject to subsection (2), in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(i) The defendant resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a defendant is located in that county.

The Michigan Supreme Court recently held that "the location of the original injury is where the first *actual* injury occurs that results from an act or omission of another, not where a plaintiff contends that it first relied on the act or omission that caused the injury." *Dimmitt & Owens Financial, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 620; 752 NW2d 37 (2008) (emphasis in original). The Court explained, "Reliance creates only a *potential* injury, which is insufficient to state a negligence cause of action . . . ." *Id.* (emphasis in original). In a medical-malpractice case, where death allegedly resulted from a misdiagnosis leading to a ruptured aneurysm, this Court held that "venue rests with the county where the injury resulting in death occurred, and not the place where the death itself took place." *Karpinski v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 544; 606 NW2d 45 (2000). Further, in another medical-malpractice case, which concerned an injury attributed to the misreading of an X-ray, this Court held that "the plaintiff's injury is the corporeal harm *that results from* the defendant's alleged failure to meet the recognized standard of care." *Taha v Basha Diagnostics, PC*, 275 Mich App 76, 79; 737 NW2d 844 (2007) (emphasis in original). The plaintiffs attempt to extend the reasoning of these cases to one alleging defamation by claiming that the publication of statements creates the mere potential for injury, and thus the injury does not occur until the defamed party actually suffers some concrete, adverse consequence of that publication.

However, this is a case of defamation per se, where damages are presumed; therefore it is only logical to equate presumed damages with the initial publication

in Leelanau County. Michigan law distinguishes be-
tween defamation per se whereby a defamatory state-
ment is actionable "irrespective of special harm" and
defamation per quod, which involves "the existence of
special harm caused by publication . . . ." *Frohriep v
Flanagan (On Remand)*, 278 Mich App 665, 680; 754
NW2d 912 (2008). Words are defamatory per se if they,
"by themselves, and as such, without reference to
extrinsic proof, injure the reputation of the person to
whom they are applied." Black's Law Dictionary (6th
ed), p 417. "Whether nominal or substantial, where
there is defamation per se, the presumption of general
damages is well settled." *Burden v Elias Bros Big Boy
Restaurants*, 240 Mich App 723, 728; 613 NW2d 378
(2000).

Because this Court has never addressed the issue of
original injury in a defamation per se case, it is appro-
priate to examine other jurisdictions for persuasive
authority.[1] According to 50 Am Jur 2d, Libel and
slander, § 402, p 796, "[u]nder a statute which pre-
scribes venue in the county where the cause of action
accrued, in a case of defamation, the cause of action
accrues in the county where the defamation was first
published, which in the case of a newspaper is where
the newspaper is prepared, edited, and disseminated."
Further, "[s]tatutory provisions requiring venue . . . to
be laid in the county in which . . . the injury occurred
. . . have been construed as allowing venue of an action
for libel in a periodical or newspaper to be laid only in

---

[1] However, as the *Michigan Legal Milestone* case of Theodore
Roosevelt v George Newett reveals, even the former President of the
United States pursued and prosecuted his libel claim against a
Michigan defendant in Marquette County in 1913, where the defama-
tory words were printed. State Bar of Michigan, *Michigan Legal
Milestones* <http://www.michbar.org/programs/milestones.cfm> (ac-
cessed March 10, 2009).

the county in which it was first printed and issued, and not in every county in which it was circulated." *Id.*, § 403, pp 796-797.

Defendant Leelanau Enterprise, Inc., has its corporate registered office in Leelanau County. It also prepares and prints its newspaper solely in Leelanau County. In fact, even though plaintiffs claim that the people who cancelled their purchase agreements for the Bay View project were not located in Leelanau County, the project is located in Leelanau County and that is where the economic loss was first experienced. Thus, the original injury occurred in Leelanau County.

Finally, after determining that the original injury occurred in Leelanau County, we must apply in descending order the subparagraphs of MCL 600.1629 that apply to this particular case. See *Massey, supra.* MCL 600.1629(1)(a) designates venue in the county where the original injury occurred and where, "(i) [t]he defendant resides, has a place of business, or conducts business in that county," or where "(ii) [t]he corporate registered office of a defendant is located in that county." Defendants are solely located and have their registered office in Leelanau County. But, in *Massey*, the Supreme Court determined that the definite article "the" in MCL 600.1629(1)(a)(i) demonstrates the Legislature's intent to define the phrase "[t]he defendant" as meaning one single defendant. See *Massey, supra* at 382-385. Therefore, because there are multiple defendants in this case, MCL 600.1629(1)(a)(i) does not apply.

Moreover, under the same reasoning above, defendants fall within MCL 600.1629(1)(a)(ii) because there are multiple defendants. Accordingly, venue is proper in Leelanau County under MCL 600.1629(1)(a)(ii) because the original injury occurred there when the allegedly

defamatory words were printed, and it is also the location of the corporate registered office of defendant Leelanau Enterprise, Inc.

Affirmed.