*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORTH SHORE INJURY CENTER, INC,
EXCELLENT PAIN CONSULTANTS, INC, and
RED WINGS MEDICAL TRANSPORTATION,
LLC,

        Plaintiffs-Appellees,

and

NORTHLAND RADIOLOGY, INC,

        Intervening Plaintiff,

v

HOME-OWNERS INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 4, 2021

No. 350750
Oakland Circuit Court
LC No. 2016-153794-NF

Before: LETICA, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(8) and (10) against plaintiffs North Shore Injury

---

[1] *North Shore Injury Center Inc v Home-Owners Ins Co*, unpublished order of the Court of Appeals, issued January 29, 2020 (Docket No. 350750).

Center, Inc, Excellent Pain Consultants, Inc, and Red Wings Medical Transportation, LLC, and partial summary disposition against intervening-plaintiff Northland Radiology, Inc.[2]  We reverse.

## I.  BACKGROUND

On August 31, 2015, Joys King was in a motor vehicle accident and sustained injuries entitling him to no-fault benefits from his insurer, defendant.  North Shore Injury Center, Inc, Excellent Pain Consultants, Inc, and Red Wings Medical Transportation, LLC treated King, and on July 1, 2016, filed a complaint requesting payment of no-fault benefits from defendant for that treatment.  Northland Radiology also treated King, and the trial court granted Northland Radiology's motion to intervene in this case on October 5, 2016.

While this case was ongoing, King filed his own first-party complaint against defendant in Wayne County on August 26, 2016.

On May 25, 2017, our Supreme Court issued *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), wherein it held that a medical provider does not have a statutory cause of action against a no-fault insurer.  On March 14, 2017—before *Covenant*—King assigned the right to pursue no-fault benefits on his behalf to Northland Radiology.  After *Covenant*, King signed assignments of rights with North Shore Injury Center and Red Wings Medical Transportation on July 11, 2017, and an assignment of rights with Excellent Pain Consultants on July 13, 2017.

On May 15, 2019, defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that it was entitled to summary disposition against North Shore Injury Center, Excellent Pain Consultants, and Red Wings Medical Transportation, and partial summary disposition against Northland Radiology, because all (or for Northland Radiology, some) of their claimed damages were barred by the one-year back rule in MCL 500.3145(1).  At the time this case was filed, MCL 500.3145(1) provided in relevant part that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."[3]  Defendant contended that if a no-fault case is premised on an assignment of rights from the insured, then, based on *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018) (*Shah*), the one-year limit on damages in MCL 500.3145(1) is measured by the date of the assignment.  According to defendant, when that is done in this case, the claims of North Shore Injury Center, Excellent Pain Consultants, and Red Wings Medical Transportation were completely barred, and claims by Northland Radiology for services performed before March 14, 2016 were barred.

---

[2] While Northland Radiology is technically an intervening-plaintiff, this opinion uses "plaintiffs" to refer to North Shore Injury Center, Excellent Pain Consultants, Red Wings Medical Transportation, and Northland Radiology.

[3] MCL 500.3145 has since been amended by 2019 PA 21, and the language relevant to this case is now part of MCL 500.3145(2).

In response, plaintiffs contended that their claims were not barred by MCL 500.3145.[4] According to plaintiffs, the one year for MCL 500.3145 should not be measured from the date that King signed the assignments. Rather, because King had filed his own suit against defendant on August 26, 2016, he had the right to collect benefits from defendant as far back as August 26, 2015, and this was one of the rights that King assigned to plaintiffs as part of the assignments of rights. That is, plaintiffs contended that the one year for purposes of MCL 500.3145 should be measured from the date that King filed his own suit against defendant.

On August 7, 2019, the trial court heard the parties' arguments on defendant's motion. After listening to the parties' arguments, the trial court denied defendant's motion, reasoning that, based on "the law of assignment," King assigned to plaintiffs his right to collect no-fault benefits from defendant that were incurred less than one year before King filed his complaint in his lawsuit against defendant.

This appeal ensued.

## II. STANDARD OF REVIEW

Appellate courts review de novo a trial court's decision on a motion for summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). Whether plaintiffs' recovery is barred by the one-year back rule requires this Court to interpret MCL 500.3145(1). Questions of statutory interpretation are reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205; 815 NW2d 412 (2012).

## III. ANALYSIS

When this case was filed, MCL 500.3145(1) provided in pertinent part that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." This is known as the one-year back rule, and it "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph*, 491 Mich at 203. In *Shah*, 324 Mich App at 202-205, this Court held that when an insured assigns a medical provider the right to collect benefits from an insurer after the provider has already filed suit against the insurer, "the pertinent point of reference for purposes of the one-year-back rule" is the date of the assignment. The *Shah* Court reasoned:

> In this case, after the *Covenant* decision was issued, plaintiffs sought to amend their complaint to account for the assignments obtained from Hensley [the insured] to allow plaintiffs to pursue an action against defendant insurer. "An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." [*Burkhardt v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004)]. For that reason, plaintiffs could not obtain any greater

---

[4] Northland Radiology originally did not contest that MCL 500.3145(1) barred its claims for damages incurred more than a year before the date of King's assignment of rights, but later changed its position and concurred with the other plaintiffs' response.

-3-

rights from Hensley on the date of the assignments—July 11, 2017—than Hensley himself possessed on that date. Had Hensley filed an action directly against defendant on July 11, 2017, he would not have been permitted to recover benefits for any portion of the loss incurred one year before that date. MCL 500.3145(1). Accordingly, plaintiffs also could not obtain any right to recover benefits for losses incurred more than one year before July 11, 2017, through an assignment of rights from Hensley. *Burkhardt*, 260 Mich App at 652-653. [*Shah*, 324 Mich App at 204.]

This case is not directly analogous to *Shah* because, when King assigned his rights to plaintiffs, he had already filed his own separate action against defendant and, in that action, could recover benefits for losses incurred more than one year before he assigned his rights to plaintiffs. The trial court reasoned that, because King had the right to recover benefits up to one year before he filed his suit on August 26, 2016, plaintiffs, standing in the shoes of King by virtue of the assignments, could also recover benefits from defendant up to one year before August 26, 2016. We disagree.

MCL 500.3145(1) states:

> *An action* for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . . However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which *the action* was commenced. [Emphasis added.]

In *Massey v Mandell*, 462 Mich 375, 382 n 5; 614 NW2d 70 (2000), our Supreme Court explained that "the" and "a" have separate meanings—"the" is a definite article that has a specifying effect, whereas "a" or "an" are indefinite articles that have a generalizing effect. The Court further explained that when "both are within the same subsection of a statute, . . . there can be no legitimate claim that this Court should read 'the' as if it were 'a.' " *Id*.

Applying this to MCL 500.3145(1), the use of "an" to qualify "action" in the first sentence has a generalizing effect; the sentence refers generally to actions for recovery of no-fault benefits payable under the relevant chapter. The statute's latter use of "the" to qualify "action" has a specifying effect; the sentence refers to a specific action. Reading the statute as a whole, when a claimant files "an action" for recovery of no-fault benefits "payable under this chapter," the claimant's recovery is limited to losses incurred not more than one year before that specific action was commenced. MCL 500.3145(1).

King filed "an action" against defendant on August 26, 2016, and his recovery was limited to losses incurred not more than one year before his specific action was commenced. Plaintiffs filed "an action" against defendant on July 21, 2016, and their recovery was limited to losses incurred not more than one year before their specific action was commenced. King assigning his rights to plaintiffs does not change that plaintiffs filed their action on July 21, 2016, and plaintiffs' specific action is "the action" relevant for the one-year back rule in MCL 500.3145(1). For

purposes of MCL 500.3145(1), "the date on which the action was commenced" refers to the date that the specific action was commenced; it cannot be the date on which a different, separate action was commenced.

In reaching a different conclusion, the trial court reasoned that if King could recover losses incurred not more than one year before his action was commenced, then plaintiffs, standing in the shoes of King, could also recover losses incurred not more than one year before King's action was commenced. This reasoning overlooks the fact that King did not have the same rights to recovery in *plaintiffs' action* against defendant that he did in his own, separate action against defendant. MCL 500.3145(1) limits recovery to one year before "the action"—meaning a claimant's specific action—was commenced. See *Massey*, 462 Mich at 382 n 5. King, in *his action* against defendant, could recover losses incurred not more than one year before his specific action was commenced. But King was not part of plaintiffs' action. As such, King, in *plaintiffs' action* against defendant, could not recover losses incurred not more than one year before *King's entirely separate* action against defendant was commenced. In short, King did not have the same rights to recovery in plaintiffs' action (which he was not part of) as he did in his own action. Because King, in plaintiffs' action, did not have the right to recover losses incurred not more than one year before King's separate action against defendant was commenced, he could not assign such a right to plaintiffs. The trial court erred by holding that King could assign a right he did not have.

This case is therefore governed by *Shah*. Plaintiffs did not have a statutory cause of action against defendant when they commenced their action on July 21, 2016. See *Covenant*, 500 Mich at 196; *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 504 Mich 985, 985 (affirming the Court of Appeals' holding that *Covenant* applies retroactively). To cure this, plaintiffs had King assign to plaintiffs his right to recover no-fault benefits from defendant; King signed an assignment of rights with Northland Radiology on March 14, 2017, assignments of rights with North Shore Injury Center and Red Wings Medical Transportation on July 11, 2017, and an assignment of rights with Excellent Pain Consultants on July 13, 2017. However, when King assigned his rights to plaintiffs, he did not have the right, in *plaintiffs' action*, to recover losses incurred not more than one year before King commenced his own separate action—King only had that right in King's own action against defendant. It follows that, as in *Shah*, plaintiffs could not obtain any right to recover benefits for losses incurred more than one year before the date of their assignments from King. See *Shah*, 324 Mich App at 204-205.[5]

Because North Shore Injury Center, Excellent Pain Consultants, and Red Wings Medical Transportation incurred all of their losses more than one year before King assigned them his rights, their claims were barred by the one-year back rule in MCL 500.3145(1). Defendant was entitled to summary disposition on those plaintiffs' claims. Similarly, Northland Radiology incurred some of its losses more than one year before King assigned Northland Radiology his rights, and by virtue

---

[5] The *Shah* Court also held that an amendment to the plaintiffs' pleadings to include the assignments would be a supplemental pleading which could not relate back to the plaintiffs' original complaint, and that the relation-back doctrine could not otherwise be used to acquire greater rights to recovery than those received in the assignment. *Shah*, 324 Mich App at 204-205. Plaintiffs never challenged this portion of *Shah*, so this opinion does not address it.

of the one-year back rule, defendant was entitled to partial summary disposition on Northland Radiology's claim to the extent that it sought to recover losses incurred more than one year before King assigned his rights to Northland Radiology.

## IV. RESPONSE TO DISSENT

This opinion does not "avoid[] any discussion of tolling," as alleged by the dissent. There is simply no need to discuss tolling as it relates to this case because the parties never raised arguments about tolling and the trial court never decided that the one-year back rule was tolled. When moving for summary disposition, defendant argued that plaintiffs' claims were barred by the one-year back rule because the "year back" should be measured from the date of plaintiffs' assignments based on *Shah*. Defendant mentioned tolling only to argue that it did not apply to the one-year back rule. In response, plaintiffs contended that, when King assigned his rights to plaintiffs, plaintiffs "were afforded the same rights that Joys King would have possessed on those dates: the right to seek payment of all no-fault benefits that may be owed by Defendant up to one year prior to the date of [his] own complaint (i.e., for those benefits owed for dates of service from September 26, 2015 forward)." In support of their argument, plaintiffs cited two cases—*Burkhardt* and *Shah*—for the proposition that the assignments gave them (the assignees) the same rights enjoyed by King (the assignor). Plaintiffs' brief never mentioned tolling.[6] In denying defendant's motion, the trial court discussed whether King's complaint tolled the one-year back rule, but ultimately denied defendant's motion based on "the law of assignments."[7] When defendant filed

---

[6] It is unclear why the dissent believes that " 'tolling' was at the center of the parties' argument" when the parties' only mention of tolling in their briefing was to argue that it does not apply.

[7] The dissent focuses on the trial court's mention of tolling and contends that this was the basis of the court's holding. Yet, after its mention of tolling (during which the trial court repeatedly invoked principles of assignment), the trial court went on to explain that "the law of assignment is you stand in the shoes of the person who gives you the assignment and that person could go back a year before they filed their complaint . . . and that's the right that got assigned." This is the same argument advanced by plaintiffs in their brief.

Later, the trial court again mentioned tolling, and then had the following exchange with defense counsel to explain its ruling:

> *Ms. Frederick* [defense counsel]: But King's suit is long over and King's suit has nothing to do with these suits.
>
> *The Court*: King assigned—King assigned his rights.
>
> *Defense counsel*: Right, and the one year back runs—
>
> *The Court*: And King had a—and King had a—and King had a right to include—to go after these bills and he assigned his right to them to go after his bills and he was protected by his filing. That's all I'm saying. He—
>
> *Defense counsel*: Okay.
>
> *The Court*: —assigned the rights that he had.

for leave to appeal, it made the same argument it did in the trial court—that plaintiffs' claims were barred by the one-year back rule because that rule should be measured from the date of the assignments. It again mentioned tolling only to argue that it did not apply. In their answer to defendant's application, plaintiffs' only mention of tolling was in labeling one section of their answer "Joy [sic] King's lawsuit tolls the one-year back rule." In the discussion that ensued, plaintiffs never mentioned tolling or otherwise argued that the one-year back rule was tolled. Instead, they made the same argument, verbatim, that they made in the trial court, citing the same two cases—*Burkhardt* and *Shah*—for the same proposition about assignments. After defendant's application for leave to appeal was granted, defendant filed its brief, making the same arguments it made in the trial court and in its application. Defendant again mentioned tolling only to argue that it did not apply. Plaintiffs never filed a brief on appeal.

In light of the foregoing, it is clear that the dissent is incorrect when it states, "As framed by the parties, the question presented was whether a claimant's timely lawsuit 'tolls' the statute of limitations, thereby preserving a provider's right to sue based on an assignment obtained after the limitations period has expired." Instead, as framed by the parties, the issue is whether, when King assigned his rights to plaintiffs, plaintiffs acquired King's right to collect benefits that accrued up to one year before King filed his suit against defendant. This opinion concludes that plaintiffs did not because King only had that right in *his* suit against defendant, not in plaintiffs' suit, and King could not assign a right to plaintiffs that he did not have.

Plaintiffs never raised any argument about the relation-back doctrine or otherwise argued that the one-year back rule should be measured from the date of their original complaint. The dissent ignores this and injects the relation-back doctrine as an issue in the case. The dissent states that, after the assignments were executed, "[t]he question then became whether plaintiffs could supplement their complaint to reflect that they had an assignment ('a right to proceed') in the case they had filed." Plaintiffs were permitted to supplement their complaint to reflect their assignments, but after doing so, they never asserted that they could proceed because their

---

> *Defense counsel*: Right, and all the case law today says that the one-year back runs from the date of the assignment.
>
> *The Court*: But I still don't think that it's addressed exactly on point because most of those cases didn't have a patient underlying suit and they didn't address the issue that we're talking about today. They need to address it, one way or the other, but I just don't think it's been specifically addressed and even when it has been somewhat addressed, it's been in unpublished cases and I just—I don't have to rely on them and I don't agree. I think it goes contrary to the law of assignment. So therefore, I'm denying the motion.

Clearly, the trial court's holding was based on its understanding of "the law of assignment," not on its belief that King's complaint tolled the one-year back rule. If, as the dissent asserts, the trial court indeed held that King's complaint tolled the one-year back rule, then the trial court adopted a holding based on an argument that neither party briefed. More incredibly, it adopted a holding based on a legal principle that, even according to the dissent, is not relevant to this case.

supplemental pleading related back to their original complaint, as the dissent would hold. Rather, plaintiffs repeatedly asserted, both in the trial court and in their filing on appeal, that "by filing [his] action on August 26, 2016, and assigning [his] rights to Plaintiffs . . . Joys King transferred those preserved rights to Plaintiffs with respect to [their] own charges," so plaintiffs had "the right to seek payment of all no-fault benefits that may be owed by Defendant up to one year prior to the date of [King's] complaint." (Emphasis omitted.) That is, plaintiffs did not argue that the one-year back rule should be measured from the date of their original complaint, but that the one-year back rule should be measured from the date of King's complaint because King had the right to collect benefits that accrued up to one year before he filed his complaint, and he assigned that right to plaintiffs. Plaintiffs' decision to frame their argument in this way was clearly strategic. Plaintiffs not only avoided arguing that *Shah* was wrongly decided, but repeatedly cited *Shah* for its discussion about assignments and urged courts to rely on *Shah* to find in their favor.[8]

As a court, we resolve the issues as they are presented to us. Plaintiffs never mentioned the relation-back doctrine. Instead, they argued in the trial court that their claims were not barred by the one-year back rule because, by virtue of King's assignments, they acquired the right to collect benefits that had accrued up to one year before King filed suit against defendant. The trial court agreed with this argument based on "the law of assignments." Thus, the issue on appeal is whether, when King assigned his rights to plaintiffs, plaintiffs acquired the right to collect benefits

---

[8] Plaintiffs' argument is easy to square with *Shah*. Plaintiffs argued that they were assigned King's right to collect benefits that accrued up to one year before King filed his complaint against defendant, so only *Shah*'s discussion of assignments was relevant. The dissent's argument for plaintiffs, on the other hand, is difficult to square with *Shah*. The dissent believes that the one-year back rule as applied to plaintiffs' action should be measured from the filing of plaintiffs' original complaint because plaintiffs' supplemental pleading related back to that complaint. This proposed conclusion clearly runs counter to *Shah*'s unequivocal holding that a supplemental pleading to include an assignment cannot relate back to the original complaint. *Shah*, 324 Mich App, 204-205 ("Because plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading."); *id.* at 205 ("A supplemental pleading predicated on the July 11, 2017 assignments could not relate back to the date of the original pleading."). The dissent attempts to distinguish this case from *Shah*, but neither "King's accomplishment of notice" nor "the filing of his separate lawsuit" distinguish the operative holding from *Shah* that a supplemental pleading cannot relate back to the original complaint.

Briefly, the dissent also dismisses this opinion's discussion of the one-year back rule as "fundamentally misplaced" because "the one-year-back rule presented no obstacle to King's recovery for services provided by plaintiffs" and "the one-year-back rule did not constrain [King's] rights." But those considerations are irrelevant to this case's resolution. As this opinion explains, the one-year back rule is particular to a specific "action." MCL 500.3145(1). That King, in his action, could recover benefits dating back one year before he commenced suit in no way necessitates that plaintiffs, in their action, can recover benefits dating back one year before they commenced suit. King's assignments do not require a different result for the reasons explained in this opinion. The relation-back doctrine likewise cannot "do[] the work," contrary to the dissent's assertion, because a supplemental pleading cannot relate back to an original pleading according to *Shah*.

in their action against defendant that accrued not more than one year before King commenced his separate action against defendant. This may not be the issue that the dissent wishes to address, but it is the issue raised by the parties and decided by the trial court.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Colleen A. O'Brien