ANGELUCCI v DART PROPERTIES INCORPORATED

Docket No. 305688. Submitted November 14, 2012, at Detroit. Decided
    November 29, 2012, at 9:00 a.m. Vacated in part and special panel
    of the Court of Appeals convened to resolve conflict, 298 Mich App
    801.

    Domenico Angelucci filed an action against Dart Properties Incorpo-
        rated; Oak Hill II; Dart Properties II, LLC; Beth Albrough; and
        others in the Oakland Circuit Court, seeking a temporary restrain-
        ing order enjoining plaintiff's eviction and asserting claims of
        negligence, violation of the Michigan Notary Public Act, MCL
        55.261 *et seq.*, violation of the Michigan Consumer Protection Act,
        MCL 445.901 *et seq.*, fraudulent misrepresentation, fraudulent
        concealment, negligent misrepresentation, intentional infliction of
        emotional distress, and unlawful interference with a possessory
        interest. Plaintiff entered into a residential lease agreement with
        Oak Hill on December 1, 2010 for a property located in Shelby
        Township in Macomb County. The dispute arose over whether
        plaintiff had timely paid his April 2011 rent, and Oak Hill
        ultimately commenced a summary-proceedings action against
        plaintiff in district court, which was dismissed after plaintiff paid
        the full amount requested. After plaintiff filed the instant action,
        defendants moved for a change of venue, arguing that venue was
        proper in Macomb County where the alleged tortious acts oc-
        curred, where plaintiff resided, where Oak Hill's registered office
        was located, and where all defendants except Dart Properties II
        and Albrough resided or had their principal offices. The circuit
        court, Daniel Patrick O'Brien, J., granted defendants' motion,
        concluding that venue was proper in Macomb County pursuant to
        MCL 600.1629(1)(b)(*i*). Plaintiff appealed by leave granted.

        The Court of Appeals *held*:

        Venue in Michigan is controlled by statute. The plaintiff has
    the burden of establishing that the county it chose is a proper
    venue and must present some credible factual evidence that the
    venue chosen was proper. Venue in cases involving multiple causes
    of action are governed by MCL 600.1641, as interpreted in *Pro-
    vider Creditors Comm v United American Health Care Corp*, 275
    Mich App 90 (2007). As interpreted in that case, MCL 600.1641(2)

provides that venue is determined under the rules applicable to tort actions as provided in MCL 600.1629 if one of the causes of action "is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death." Because the phrase "personal injury" is undefined within the chapter of the Revised Judicature Act that contains MCL 600.1641, *Provider Creditors* used the definition set forth in MCL 600.6301, which defined "personal injury" as bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm. MCR 7.215(J)(1) constrained the panel to follow *Provider Creditors* and hold that the circuit court erred by granting defendants' motion to change venue to Macomb County and that venue was proper in Oakland County. Because plaintiff did not seek damages for property damage, wrongful death, or "personal injury" as defined in *Provider Creditors*, venue was not determined by MCL 600.1641(2) and MCL 600.1629. Rather, under MCL 600.1641(1), because the causes of action were joined, venue was proper in any county in which any of the causes of action could have been brought separately. Under MCL 600.1621(a), venue is proper in the county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located. Thus, venue was proper in Oakland County because Albrough resided there. The panel, however, further stated that *Provider Creditors* had erred in its interpretation of MCL 600.1641(2), in particular by failing to properly apply the last antecedent rule. When properly interpreted, MCL 600.1641(2) requires application of the tort venue provision if any of the causes of action is based on tort, as several were in this case. Had the panel not been bound to follow *Provider Creditors*, it would have affirmed the circuit court's grant of defendants' motion to change venue to Macomb County, where the injury occurred and plaintiff resides. The panel called for the convening of a special panel of the Court of Appeals in accordance with MCR 7.215(J) to resolve the conflict.

Reversed and remanded.

*Law Offices of Daniel C. Flint, P.C.* (by *Daniel C. Flint*), for Domenico Angelucci.

*Galloway and Collens PLLC* (by *T. Scott Galloway*) for Dart Properties Incorporated; Oak Hill II; Dart Properties II, LLC; Beth Albrough; and others.

Before: FORT HOOD, P.J., and K. F. KELLY and DONOFRIO, JJ.

DONOFRIO, J. Plaintiff, Domenico Angelucci, appeals by delayed leave granted the trial court's order granting defendants' motion to change venue. Because the trial court correctly determined that venue is proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*), but MCR 7.215(J)(1) requires us to follow the rule of law announced in *Provider Creditors Comm v United American Health Care Corp*, 275 Mich App 90, 94; 738 NW2d 770 (2007), we must reverse and remand for further proceedings. Pursuant to MCR 7.215(J)(2), we explain our disagreement with *Provider Creditors Comm* in part III of this opinion, and we call for the convening of a special panel of this Court in accordance with MCR 7.215(J)(3).

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a residential lease agreement that plaintiff, as the tenant, and defendant Oak Hill II, as the landlord, executed on December 1, 2010. The property is located in Shelby Township, in Macomb County. According to the agreement, plaintiff's monthly rent was $635, which included a monthly concession in the amount of $125 for on-time payments. Plaintiff's rent was due on the first day of every month. If plaintiff failed to pay his rent by the fifth day of the month, he forfeited the monthly concession and was required to pay $125 in addition to his regular payment of $635 plus a late charge.

The dispute in this case involves whether plaintiff timely paid his April 2011 rent. According to plaintiff, he paid his April 2011 rent by a check in the amount of $635, dated March 25, 2011, and mailed on or about that date. Defendants, on the other hand, maintain that

plaintiff failed to timely pay his April 2011 rent, resulting in Oak Hill II sending plaintiff a notice of demand for possession for non-payment of rent requesting that plaintiff pay a total of $869.88, which included his monthly rent, a fire/police fee, a pet fee, an electricity charge, and a late fee. Defendant Beth Albrough, an Oak Hill II employee, notarized the document. On or about April 12, 2011, plaintiff mailed a personal check in the amount of $869.88, which was returned to him with a letter indicating that any payment received after the fifth of the month had to be paid using certified funds. The letter was written on "Dart Properties" letterhead and signed by Albrough. The letter also advised that because plaintiff had failed to make his full payment, his account had been charged a $190 legal fee and sent to defendants' attorney for processing. The letter requested payment in full in the amount of $1,059.88 in certified funds. Ultimately, Oak Hill II commenced a summary-proceedings action against plaintiff in district court, which was dismissed after plaintiff paid the full amount requested.

On May 2, 2011, plaintiff filed this action against Oak Hill II and the other defendants, including Albrough, in the Oakland Circuit Court.[1] The complaint purported to be on behalf of plaintiff "and all others similarly situated" and sought a temporary restraining order enjoining plaintiff's eviction. Plaintiff asserted claims of negligence, violation of the Michigan Notary Public Act, MCL 55.261 et seq., violation of the Michigan Consumer Protection Act, MCL 445.901 et seq., fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, intentional infliction of emotional distress, and unlawful interference with a possessory interest.

---

[1] Plaintiff alleged that defendant Dart Properties II, LLC or Dart Properties Incorporated, both, managed, owned, and operated Oak Hill II.

Defendants filed a motion for a change of venue, arguing that venue was proper in Macomb County, where the alleged tortious acts occurred, where plaintiff resided, where Oak Hill II's registered office was located, and where all defendants except Dart Properties II, LLC, and Beth Albrough resided or had their principal offices. In response, plaintiff argued that defendant "Dart Properties"[2] owns or manages seven apartment complexes located in Oakland and Macomb Counties. Plaintiff maintained that although the class had not yet been defined or certified, it could number into the thousands and include residents and former residents in any one of the seven apartment complexes. Plaintiff asserted that venue was not proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*) because he brought this action on behalf of himself "and all others similarly situated." Plaintiff maintained that venue was proper in Oakland County under MCL 600.1621(a) because that county is where "a defendant resides, has a place of business, or conducts business . . . ." Plaintiff further argued that venue was proper in Oakland County pursuant to MCL 600.1641(1) and that MCL 600.1641(2) was inapplicable because plaintiff did not seek damages "for personal injury, property damage, or wrongful death . . . ." The trial court granted defendants' motion, concluding that venue was proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*) because plaintiff resides in that county.

## II. STANDARD OF REVIEW

We review for clear error a trial court's decision on a motion to change venue. *Dimmitt & Owens Fin, Inc v*

---

[2] It is undisputed that at the time that plaintiff's cause of action arose defendant Dart Properties Incorporated had merged with defendant Dart Properties II, LLC.

*Deloitte & Touche (ISC), LLC*, 481 Mich 618, 624; 752 NW2d 37 (2008). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* Further, we review de novo questions involving statutory interpretation. *Id.* "In doing so, our primary obligation is to discern legislative intent as reflected in the plain language of the statute. When the language of a statute is unambiguous, the Legislature's intent is clear, and judicial construction is neither necessary nor permitted." *Id.* (citation omitted).

### III. LEGAL ANALYSIS

In Michigan, venue is controlled by statute. *Id.* "[T]he plaintiff has the burden to establish that the county it chose is a proper venue" and "must present some credible factual evidence that the venue chosen is proper." *Provider Creditors Comm*, 275 Mich App at 94. In cases involving multiple causes of action, courts look to MCL 600.1641 to determine venue. *Shiroka v Farm Bureau Gen Ins Co of Mich*, 276 Mich App 98, 104; 740 NW2d 316 (2007). MCL 600.1641 states:

> (1) Except as provided in subsection (2), if causes of action are joined, whether properly or not, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change as provided by court rule.

> (2) If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in [MCL 600.1629].

Defendants argue that because plaintiff pleaded multiple causes of action, some of which are based on tort,

MCL 600.1641(2) is applicable and directs that venue be determined as set forth in MCL 600.1629, which pertains to tort actions. Plaintiff, on the other hand, argues that MCL 600.1641(2) is inapplicable because he is not seeking damages for property damage, wrongful death, or "personal injury" as this Court interpreted that term in *Provider Creditors Comm*, 275 Mich App at 95-96. Plaintiff thus contends that MCL 600.1641(1) controls venue in this case. Although we believe that *Provider Creditors Comm* was wrongly decided, we are constrained to follow the rule of law articulated in that case pursuant to MCR 7.215(J)(1).

In *Provider Creditors Comm*, 275 Mich App at 93, 96, the plaintiff filed a complaint against the defendants in the Ingham Circuit Court alleging, among other causes of action, negligence, fraud, negligent misrepresentation, innocent misrepresentation, and conversion. The defendants filed a motion to change venue to the Wayne Circuit Court, which the trial court denied. *Id*. at 93-94. On appeal, the defendants argued that MCL 600.1641(2) controlled venue because the plaintiff had asserted tort claims in addition to other causes of action. This Court disagreed, focusing on the meaning of the term "personal injury" as used in MCL 600.1641(2). This Court recognized that the chapter of the Revised Judicature Act (RJA) that contains MCL 600.1641 does not define "personal injury." *Id*. at 95. As such, this Court relied on the definition of "personal injury" set forth in MCL 600.6301, which defines the term as "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." *Id*. at 95-96. This Court reasoned:

> Although personal injury as defined in MCL 600.6301 expressly applies only to chapter 63 of the RJA, we conclude that this definition of "personal injury" best reflects the plain meaning of the phrase as it is used in MCL

600.1641. Applying that definition here, it is clear from plaintiff's pleadings that plaintiff does not seek damages for "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301(b). Therefore, plaintiff is not "seeking damages for personal injury . . . ." MCL 600.1641(2). Further, plaintiff's pleadings do not support the conclusion that plaintiff seeks damages for property damage or wrongful death. Therefore, MCL 600.1641(2) does not control venue for this action. [*Id.* at 96.]

In our view, the Court in *Provider Creditors Comm* erred by focusing solely on the phrase "personal injury, property damage, or wrongful death" in MCL 600.1641(2). When interpreting statutory language, "[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). When read in its entirety, MCL 600.1641(2) directs that venue in cases alleging more than one cause of action shall be determined under the rules applicable to tort actions set forth in MCL 600.1629 if "1 of the causes of action is based on *tort or* another legal theory seeking damages for personal injury, property damage, or wrongful death . . . ." (Emphasis added.) This Court's interpretation in *Provider Creditors Comm* failed to accord any significance to the word "tort," thus rendering it nugatory. This Court also, in effect, interpreted the word "or" to mean "and." Because the words "or" and "and" are not interchangeable, courts should accord them their strict meanings if doing so does not give the text a dubious meaning and there is no clear contrary legislative intent. *Amerisure Ins Co v Plumb*, 282 Mich App 417, 428-429; 766 NW2d 878 (2009). Interpreting the word "or" in the disjunctive does not give the statutory language a dubious meaning, and no clear contrary

legislative intent exists. Thus, pursuant to MCL 600.1641(2), MCL 600.1629 is applicable if one of the causes of action alleged is based on tort *or* on "another legal theory seeking damages for personal injury, property damage, or wrongful death . . . ."

Further, the phrase "personal injury, property damage, or wrongful death" modifies only the clause "another legal theory seeking damages" and does not modify the word "tort." "The 'last antecedent' rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009). Following this rule, the phrase "personal injury, property damage, or wrongful death" modifies only the immediately preceding clause: "or another legal theory seeking damages." Nothing in the statute indicates that the Legislature intended a different interpretation. Accordingly, MCL 600.1629 is applicable if one of the causes of action alleged is based on tort or on another legal theory that seeks damages for personal injury, property damage, or wrongful death. Under the "last antecedent" rule, it is not necessary that a cause of action based on tort seek damages for property damage, wrongful death, or "personal injury" as that term is defined in *Provider Creditors Comm.*[3]

---

[3] In *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 323; 661 NW2d 248 (2003), this Court interpreted the same language in different statutory contexts in an identical manner. In that case, this Court addressed whether comparative negligence provisions were applicable to the plaintiffs' action. This Court recognized that "MCL 600.2957 and MCL 600.6304 apply the comparative-negligence allocation of fault to 'an action based on tort or another legal theory seeking damages for personal

Applying our interpretation of MCL 600.1641(2) in this case, we conclude that the trial court correctly determined that venue is proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*). Because plaintiff alleged several causes of action based on tort, and it is not necessary that any of his claims seek damages for property damage, wrongful death, or personal injury,[4] MCL 600.1641(2) is applicable and directs that venue be determined under the rules applicable to tort actions provided in MCL 600.1629. MCL 600.1692(1) states, in relevant part:

injury, property damage, or wrongful death . . . .' " This Court concluded that the comparative-negligence rule was not applicable solely to actions for personal injury, property damage, and wrongful death. *Id.* This Court stated:

> This interpretation is in keeping with the general rules of statutory interpretation, which direct that, generally, a modifying clause will be construed to modify only the last antecedent, unless a contrary intent is indicated. *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). Thus, the phrase, "personal injury, property damage, or wrongful death" modifies only the phrase "or another legal theory seeking damages." [*Id.* at n 4.]

We note that our interpretation is also consistent with *Dimmitt & Owens*, 481 Mich at 620, 623, 625, in which our Supreme Court operated under the assumption that MCL 600.1629 governed venue when the plaintiffs alleged several causes of action, including several tort claims that did not seek damages for personal injury, property damage, or wrongful death. In that case, the issue presented was how to determine where the "original injury" occurred within the meaning of MCL 600.1629(1)(a) and (b). *Id.* at 620.

[4] Although plaintiff alleged intentional infliction of emotional distress, that claim did not seek damages for personal injury as this Court interpreted that phrase in *Provider Creditors Comm*. This Court opined that "personal injury" means " 'bodily harm, sickness, disease, death, or emotional harm *resulting from bodily harm*.' " *Provider Creditors Comm*, 275 Mich App at 96, quoting MCL 600.6301(b) (emphasis added). Because plaintiff did not suffer bodily harm, he did not suffer a personal injury under that definition of the term. We express no opinion regarding the interpretation of "personal injury" in *Provider Creditors Comm* because it is not relevant to our ultimate conclusion in this case.

Subject to subsection (2),[5] in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(*i*) The defendant resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a defendant is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(*i*) The plaintiff resides, has a place of business, or conducts business in that county.

Plaintiff concedes that the original injury in this case occurred in Macomb County. MCL 600.1629(1)(a)(*i*) is inapplicable because that provision refers to "[t]he defendant" and this case involves multiple defendants. In *Massey v Mandell*, 462 Mich 375, 382; 614 NW2d 70 (2000), our Supreme Court interpreted MCL 600.1629(1)(a)(*i*), holding that the provision is inapplicable in cases involving more than one defendant. Likewise, MCL 600.1629(1)(a)(*ii*) is inapplicable in this case because none of the defendants is a corporation with its registered corporate office in Macomb County. As stated in *Massey*, under MCL 600.1629(1)(a)(*ii*), "venue would be required to be in the county where the original injury occurred if a defendant is a corporation and its registered corporate office is in the same

---

[5] Subsection (2) states that "[a]ny party may file a motion to change venue based on hardship or inconvenience." MCL 600.1629(2). It is undisputed that this subsection is inapplicable in this case.

county." *Id*. at 383. In this case, although Oak Hill II is based in Macomb County, it is a limited partnership rather than a corporation. Thus, MCL 600.1629(1)(a)(*ii*) is inapplicable.

Because neither MCL 600.1629(1)(a)(*i*) nor MCL 600.1629(1)(a)(*ii*) is applicable, we must proceed to MCL 600.1629(1)(b), as that provision directs. Plaintiff concedes that he resides in Macomb County. Accordingly, because the original injury occurred in Macomb County and plaintiff resides in that county, venue is proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*). Plaintiff argues that MCL 600.1629(1)(b)(*i*) does not apply because the provision refers to "the" plaintiff, and plaintiff brought this action as a class action on behalf of himself and all others similarly situated. It is undisputed, however, that plaintiff failed to define the purported class or move for certification of the class as required by MCR 3.501(B)(1).[6] Moreover, the record fails to identify any members of the purported class, and plaintiff has made no showing that there existed

---

[6] MCR 3.501(B) provides, in relevant part:

(B) Procedure for Certification of Class Action.

(1) *Motion*.

(a) Within 91 days after the filing of a complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action.

(b) The time for filing the motion may be extended by order on stipulation of the parties or on motion for cause shown.

(2) *Effect of Failure to File Motion*. If the plaintiff fails to file a certification motion within the time allowed by subrule (B)(1), the defendant may file a notice of the failure. On the filing of such a notice, the class action allegations are deemed stricken, and the action continues by or against the named parties alone. The class action allegations may be reinstated only if the plaintiff shows that the failure was due to excusable neglect.

any class members.[7] Because plaintiff has failed to offer any support for the validity of his class-action approach, for purposes of venue we can only consider his individual claims. Thus, contrary to plaintiff's argument, this action involves only one plaintiff, and MCL 600.1629(1)(b)(*i*) is applicable. Therefore, if we were not bound by MCR 7.215(J)(1) to follow the rule of law articulated in *Provider Creditors Comm*, we would affirm the trial court's order on the basis that venue is proper in Macomb County under MCL 600.1629(1)(b)(*i*).

Following the rule of law in *Provider Creditors Comm*, as required under MCR 7.215(J)(1), we are constrained to reverse the trial court's decision and hold that venue is proper in Oakland County, where plaintiff filed this action. Because plaintiff does not seek damages for property damage, wrongful death, or "personal injury" as that term was interpreted in *Provider Creditors Comm*, we must conclude that MCL 600.1641(2) does not control venue in this case. See *Provider Creditors Comm*, 275 Mich App at 95-96.

---

[7] MCR 3.501(A)(1) sets forth the following prerequisites to maintain an action as a class action:

(a) the class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) the representative parties will fairly and adequately assert and protect the interests of the class; and

(e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

Accordingly, we must look to MCL 600.1641(1), the counterpart to MCL 600.1641(2), to determine venue. MCL 600.1641(1) states:

> Except as provided in subsection (2), if causes of action are joined, whether properly or not, *venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried,* subject to separation and change as provided by court rule. [Emphasis added.]

Thus, venue is proper in any county in which any of plaintiff's causes of action could have been brought if they had been brought separately. Plaintiff correctly argues that venue is proper in Oakland County pursuant to MCL 600.1621(a). MCL 600.1621 provides in full:

> Except for actions provided for in [MCL 600.1605, 600.1611, 600.1615, and 600.1629],[8] venue is determined as follows:
>
> (a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.
>
> (b) If none of the defendants meet 1 or more of the criteria in subdivision (a), the county in which a plaintiff resides or has a place of business, or in which the registered office of a plaintiff corporation is located, is a proper county in which to commence and try an action.
>
> (c) An action against a fiduciary appointed by court order shall be commenced in the county in which the fiduciary was appointed.

It is undisputed that defendant Albrough resides in Oakland County. Thus, venue is proper in Oakland

---

[8] It is undisputed that MCL 600.1605, MCL 600.1611, and MCL 600.1615 are inapplicable. We also must conclude that MCL 600.1629 is inapplicable as discussed in *Provider Creditors Comm*, 275 Mich App at 95-96.

County pursuant to MCL 600.1621(a). Accordingly, following *Provider Creditors Comm*, we must conclude that the trial court erred by granting defendants' motion to change venue to Macomb County.

### IV. CONCLUSION

Although the trial court correctly determined that venue is proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*), we are constrained to conclude, on the basis of *Provider Creditors Comm*, that the trial court erred by granting defendants' motion to change venue from Oakland County. We follow the rule of law in *Provider Creditors Comm* only because we are required to do so pursuant to MCR 7.215(J)(1). For the reasons discussed in this opinion, we call for the convening of a special panel of this Court in accordance with MCR 7.215(J)(3).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

FORT HOOD, P.J., and K. F. KELLY, J., concurred with DONOFRIO, J.