ANGELUCCI v DART PROPERTIES INCORPORATED

Docket No. 305688. Submitted to conflict panel February 11, 2013, at Lansing. Decided May 23, 2013, at 9:15 am.

Domenico Angelucci filed an action against Dart Properties Incorporated; Oak Hill II; Dart Properties II, LLC; Beth Albrough; and others in the Oakland Circuit Court, seeking a temporary restraining order enjoining plaintiff's eviction and asserting claims of negligence, violation of the Michigan Notary Public Act, MCL 55.261 *et seq.*, violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, intentional infliction of emotional distress, and unlawful interference with a possessory interest. The case arose from a dispute regarding whether plaintiff had paid his April 2011 rent on the property he leased from Oak Hill in Macomb County. Defendants moved for a change of venue to Macomb County, arguing that because the joined causes of action included a tort claim, venue was not determined by the general rule governing joined causes of action set forth in MCL 600.1641(1), which provides that venue is proper in any county in which either cause of action could have been brought, but by the exception set forth in MCL 600.1641(2), which provides that the venue rules for tort actions set forth in MCL 600.1629 must be used instead. The circuit court, Daniel Patrick O'Brien, J., granted defendants' motion. Plaintiff appealed by leave granted, arguing that under *Provider Creditors Comm v United American Health Care Corp*, 275 Mich App 90 (2007), the exception in MCL 600.1641(2) applied only to those tort actions that sought damages for personal injury, property damage, or wrongful death. The Court of Appeals, FORT HOOD, P.J., and K. F. KELLY and DONOFRIO, JJ., reversed on this basis, but stated that if it had not been bound by MCR 7.215(J)(1) to follow *Provider Creditors*, it would have affirmed. 298 Mich App 592 (2012). A special panel of the Court of Appeals was convened to resolve the conflict, and the portion of the opinion pertaining to MCL 600.1641(2) was vacated. 298 Mich App 802 (2012).

After consideration by the special panel, the Court of Appeals *held*:

When multiple causes of action are joined and include a tort claim, MCL 600.1641(2) governs venue regardless of whether the claiming party seeks damages for personal injury, property damage, or wrongful death. Under the last-antecedent rule, the phrase "personal injury, property damage, or wrongful death" in that provision modifies only the clause "another legal theory seeking damages" and does not modify the word "tort." Accordingly, *Provider Creditors Comm* was overruled.

Affirmed.

ACTIONS — VENUE — JOINDER — TORTS.

When multiple causes of action are joined and include a tort claim, venue must be determined under the rules applicable to tort actions as provided in MCL 600.1629 regardless of whether the claiming party seeks damages for personal injury, property damage, or wrongful death (MCL 600.1641[2]).

*Law Offices of Daniel C. Flint, P.C.* (by *Daniel C. Flint*), for Domenico Angelucci.

*Galloway and Collens PLLC* (by *T. Scott Galloway* and *Colleen E. Tower*) for Dart Properties Incorporated; Oak Hill II; Dart Properties II, LLC; Beth Albrough; and others.

Before: RIORDAN, P.J., and JANSEN, OWENS, BECKERING, STEPHENS, SHAPIRO, and BOONSTRA, JJ.

PER CURIAM. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between the prior opinion in this case, *Angelucci v Dart Props, Inc*, 298 Mich App 592; 828 NW2d 724 (2012), vacated in part *Angelucci v Dart Props, Inc*, 298 Mich App 802 (2012), and *Provider Creditors Comm v United American Health Care Corp*, 275 Mich App 90, 94; 738 NW2d 770 (2007). The issue that we must decide concerns the interpretation of MCL 600.1641(2), which governs venue when causes of action are joined and include a cause of action "based on tort or another legal theory

seeking damages for personal injury, property damage, or wrongful death[.]" We agree generally with the analysis of the prior opinion in this case and now overrule *Provider Creditors Comm*, which held that MCL 600.1641(2) does not apply if the causes of action joined include a tort claim for which the claiming party does not seek damages for personal injury, property damage, or wrongful death. See *Provider Creditors Comm*, 275 Mich App at 96.

### I. APPLICABLE STATUTES

MCL 600.1641 provides:

(1) Except as provided in subsection (2), if causes of action are joined, whether properly or not, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change as provided by court rule.

(2) If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on *tort or another legal theory seeking damages for personal injury, property damage, or wrongful death*, venue shall be determined under the rules applicable to actions in tort as provided in [MCL 600.1629]. [Emphasis added.]

MCL 600.1629 provides in relevant part:

(1) . . . [I]n an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(*i*) The defendant resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a defendant is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(*i*) The plaintiff resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a plaintiff is located in that county.

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:

(*i*) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(*ii*) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under [MCL 600.1621 or MCL 600.1627] is a county in which to file and try an action.

## II. RELEVANT FACTS

The underlying facts are set forth at length in the original opinion in this case. Briefly, plaintiff, purportedly on behalf of himself "and all others similarly situated," brought an action in Oakland County, where defendant Beth Albrough resided and where defendant Dart Properties[1] allegedly owned or managed apartment complexes. Plaintiff asserted causes of action for negligence, violation of the Michigan Notary Public Act,

---

[1] As noted in the original opinion in this case, "at the time that plaintiff's cause of action arose defendant Dart Properties Incorporated had merged with defendant Dart Properties II, LLC." *Angelucci*, 298 Mich App at 596 n 2.

MCL 55.261 *et seq.*, violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, intentional infliction of emotional distress, and unlawful interference with a possessory interest. Plaintiff sought a temporary restraining order enjoining an eviction. Although the claims included torts, plaintiff took the position that the exception in MCL 600.1641(2) did not apply because he was not seeking damages "for personal injury, property damage, or wrongful death." Accordingly, plaintiff argued that MCL 600.1641(1) applied and that venue was proper in Oakland County under MCL 600.1621(a)[2] because a defendant resided, had a place of business, or conducted business there. However, the trial court ruled that venue was proper in Macomb County pursuant to MCL 600.1629(1)(b)(*i*) because plaintiff resided there and presumably because the property plaintiff leased was located there.

In the original opinion in this case, this Court explained that the trial court's determination that venue should be changed from Oakland County to Macomb County was erroneous since *Provider Creditors Comm* compelled a different result. However, this Court disagreed with the holding in *Provider Creditors Comm* and invoked the conflict resolution procedure set forth in MCR 7.215(J).

---

[2] MCL 600.1621 provides in part:

Except for actions provided for in [MCL 600.1605, MCL 600.1611, MCL 600.1615, and MCL 600.1629], venue is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

III. ANALYSIS

In *Provider Creditors Comm*, the plaintiff, an assignee of a nonprofit corporation and health maintenance organization (HMO) that had its principal place of business in Wayne County before its liquidation, sued United American Health Care Corporation (UAHC), with whom the HMO had a management agreement, as well as UAHC's subsidiary company. Individual directors and officers of UAHC and individual trustees of the HMO were added in an amended complaint. The suit was commenced in Ingham County even though UAHC's principal place of business was in Wayne County, the management agreement was executed in Wayne County, UAHC and its officers and directors performed their duties in Wayne County, and most of the members of the plaintiff assignee did business in Wayne County. There were 23 counts to the complaint, mostly in tort and contract. This Court concluded that venue should be determined based on MCL 600.1641(1), stating:

> The phrase "personal injury" is not defined in chapter 16 of the Revised Judicature Act, the chapter containing MCL 600.1641. However, "personal injury" is defined in chapter 63:
>
> "As used in this chapter:
>
> *  *  *
>
> (b) 'Personal injury' means bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm. [MCL 600.6301.]"
>
> Although personal injury as defined in MCL 600.6301 expressly applies only to chapter 63 of the RJA, we conclude that this definition of "personal injury" best reflects the plain meaning of the phrase as it is used in MCL 600.1641. Applying that definition here, it is clear from

plaintiff's pleadings that plaintiff does not seek damages for "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301(b). Therefore, plaintiff is not "seeking damages for personal injury . . . ." MCL 600.1641(2). Further, plaintiff's pleadings do not support the conclusion that plaintiff seeks damages for property damage or wrongful death. Therefore, MCL 600.1641(2) does not control venue for this action. [*Provider Creditors Comm*, 275 Mich App at 95-96.]

This Court went on to conclude that venue should be determined pursuant to MCL 600.1641(1). *Id.* at 97.

As the original opinion in this case points out,

[t]his Court's interpretation in *Provider Creditors Comm* failed to accord any significance to the word "tort," thus rendering it nugatory. . . .

[T]he phrase "personal injury, property damage, or wrongful death" modifies only the clause "another legal theory seeking damages" and does not modify the word "tort." "The 'last antecedent' rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009). Following this rule, the phrase "personal injury, property damage, or wrongful death" modifies only the immediately preceding clause: "or another legal theory seeking damages." Nothing in the statute indicates that the Legislature intended another interpretation. [298 Mich App at 599-600 (emphasis in original).]

This analysis is supported by the presumption that the Legislature "know[s] the rules of grammar" and the tenet that "statutory language must be read within its grammatical context unless something else was clearly intended[.]" *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 315; 683 NW2d 148 (2004). The last

antecedent rule has been recognized as a grammatical rule of construction. See *People v Small*, 467 Mich 259, 263; 650 NW2d 328 (2002). Our analysis also is supported by our decision in *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 323; 661 NW2d 248 (2003), in which the identical statutory language was interpreted, albeit in a different statutory context, in the manner in which we interpret it today, and by our Supreme Court's decision in *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 620, 623, 625; 752 NW2d 37 (2008), which, in answering a different question under MCL 600.1629, assumed our interpretation of this language to be correct.

Plaintiff now argues that the Legislature's intent was contrary to that determined by applying the above rules of statutory construction. Specifically, plaintiff maintains that if the Legislature had intended that MCL 600.1629 apply to all tort actions, regardless of joinder, it would not have needed to include subsection (2) of MCL 600.1641, but could simply have written subsection (1) to provide: "[F]or cases involving more than one cause of action, unless MCL 600.1629 applies, venue is proper in any county in which either cause of action, if sued upon separately, could have been commenced and tried." However, this language would have created instant ambiguity because MCL 600.1629 applies to "an action," not a situation in which there are multiple causes of action. Therefore, there would have been no clear direction regarding what venue provision applies when a cause of action is joined with a cause of action "based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death." Moreover, that the Legislature could have used an alternative construction to accomplish its purpose is not an indication that the construction it chose was contrary to the intent expressed. Further, if

the Legislature's intent is contrary to what is expressed in the statute, it is incumbent upon it to enact legislation using language that properly expresses that intent.

We concur with the analysis in the prior opinion in this case, as set forth earlier. Thus, we conclude that MCL 600.1641(2) applies if one of the causes of action pleaded in a multiple cause of action complaint is based on tort, regardless of whether damages sought are for personal injury, property damage, or wrongful death. Accordingly, we affirm the trial court's order changing venue to Macomb County.

Affirmed.

RIORDAN, P.J., and JANSEN, OWENS, BECKERING, STEPHENS, SHAPIRO, and BOONSTRA, JJ., concurred.