*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

FOR PUBLICATION
November 20, 2024
2:19 PM

        Plaintiff-Appellant,

v

No. 364206
Ingham Circuit Court
LC No. 22-000441-CZ

NRK RX, INC. and RAAD KOUZA,

        Defendants-Appellees.

Before: RIORDAN, P.J., and O'BRIEN and N. P. HOOD, JJ.

RIORDAN, P.J.

Plaintiff, the Michigan Department of Health and Human Services (DHHS), through the Michigan Attorney General, appeals as on leave granted,[1] the trial court's order granting, in part, defendants' motion for a change of venue and the transfer of the matter from Ingham Circuit Court to the Oakland Circuit Court.

In a nutshell, this is a case about the determination of venue when the Attorney General maintains a tort claim on behalf of the state or a state agency. DHHS, the state agency represented by the Attorney General, argues that the Ingham Circuit Court clearly erred for two reasons when it transferred this case from Ingham Circuit Court to the Oakland Circuit Court. First, the Attorney General contends, Ingham County is the proper venue for suits the Attorney General brings under MCL 14.102 and MCL 600.1631, and second, even if the tort venue statutes, MCL 600.1641 and MCL 600.1629, control, Ingham County still is the proper venue because the original injury occurred in Ingham County. We disagree with the Attorney General. MCL 600.1641(2) mandates that MCL 600.1629 controls the selection of venue for this tort action, which arose in Oakland

---

[1] In lieu of granting leave to appeal, our Supreme Court remanded this case to this Court for consideration as on leave granted. *Dep't of Health and Human Servs v NRK RX, Inc*, 513 Mich 853 (2023).

County, regardless of whether the action was brought by the Attorney General or a private party. Accordingly, we affirm the trial court.

## I. FACTS

This matter arises from DHHS's attempts to recover excess Medicaid payments that it paid to defendant NRK RX, Inc. (NRK). The genesis is a DHHS audit that concludes that Medicaid reimbursement claims submitted by NRK between the years 2011 and 2017 were inflated. In its invoice/inventory reconciliation audit, Michigan's Office of the Inspector General (OIG) made the determination that the state's Medicaid program overpaid NRK by $541,590.71 during those years. The OIG determined that the overpayment resulted from reimbursements for claims NRK submitted for drugs which NRK never purchased from an authorized wholesaler and, thus, were never provided to Medicaid beneficiaries. In other words, the OIG is seeking Medicaid reimbursements for drugs it concluded NRK never sold to patients because NRK did not purchase the drugs from drug wholesalers, which NRK would have had to do in order to re-sell them to Medicaid patients as it claimed.

Prior to the civil suit that is the subject of this appeal, DHHS conducted administrative proceedings to confirm the Medicaid overpayment amount. Subsequently, in July 2017, DHHS issued a final notice of recovery notifying NRK of the OIG's findings. In 2018, NRK requested a hearing before an administrative law judge (ALJ) to contest the findings underlying DHHS's final notice of recovery. In June 2019, following a hearing that took place over the course of several days, an ALJ issued a proposed opinion recommending that DHHS affirm its decision to recover $541,590.71 in overpayments Medicaid made to NRK. The ALJ reasoned that NRK failed to establish by a preponderance of the evidence that the OIG's findings were erroneous. In July 2019, DHHS adopted the ALJ's proposed opinion and entered a final order affirming its decision to recover $541,590.71 in overpayments made to NRK. NRK appealed the ALJ's order and, in January 2021, the Ingham Circuit Court affirmed DHHS's decision. It reasoned that DHHS's decision was authorized by law and supported by competent, material, and substantial evidence.

In July 2022, DHHS filed the underlying, five-count complaint against NRK and Raad Kouza[2] in the Ingham Circuit Court. In Count I, DHHS pleaded a claim for enforcement of its final agency decision. In Counts II and III, DHHS pleaded claims for common-law conversion and statutory conversion, MCL 400.111b(16).[3] In Counts IV and V, DHHS pleaded claims for

_____

[2] Raad Kouza is the ostensible owner of NRK. Defendants, however, have not conceded Kouza's ownership interest in NRK. In their appellate brief, defendants state that Kouza "allegedly owns NRK . . . ." Defendants have not otherwise argued that Kouza is an improper party to the proceedings.

[3] MCL 400.111b(16) is a cause of action specific to a provider's failure to return Medicaid funds to which it is not entitled or that exceed the amount to which the provider is entitled. It provides:

> A provider promptly shall notify the director of a payment received by the provider to which the provider is not entitled or that exceeds the amount to which the provider is entitled. If the provider makes or should have made notification

breach of contract and unjust enrichment. Pivotal to this appeal is DHHS's general allegation that venue is proper in Ingham County under MCL 600.1631(a).[4]

The same day on which defendants answered the complaint, they moved to change venue.[5] In their supporting brief, defendants argued that, because DHHS pleaded claims for conversion, Michigan's tort venue statutes applied. In applying Michigan's tort venue statutes, defendants argued that Wayne County was the proper venue because Kouza resided in Wayne County and the original injury—defendants' refusal to return the alleged Medicaid overpayment upon request—occurred there. Alternatively, defendants claimed that venue transfer was warranted for the convenience of the parties under MCR 2.222(A).[6]

DHHS opposed defendants' motion to change venue, arguing that venue was proper in Ingham County under Michigan's tort venue statutes because the original injury—DHHS's overpayment of Medicaid funds—occurred in Ingham County. It further argued that defendants failed to make a persuasive showing that venue transfer was warranted for the convenience of the parties under MCR 2.222. Notably, in its response DHHS did not argue, as it alleged in its complaint, that venue was proper in Ingham County under MCL 600.1631(a). It later raised this issue in a supplemental brief on remand to this Court. Significantly, DHHS never argued before the trial court, as it now does on appeal, that venue was proper in Ingham County pursuant to MCL 14.102.

Following a hearing, the trial court entered an order granting in part defendants' motion to change venue and transferred the case to the Oakland Circuit Court. First, relying on *Angelucci v Dart Props Inc*, 301 Mich App 209; 836 NW2d 219 (2013), the trial court ruled that Michigan's tort venue statutes are not limited to claims involving alleged physical injury, but they are equally as applicable to non-physical harms such as, in the matter before us, the conversion of

---

under this subsection or receives notification of overpayment under [MCL 400.111a(17)], the provider shall repay, return, restore, or reimburse, either directly or through adjustment of payments, the overpayment in the manner required by the director. Failure to repay, return, restore, or reimburse the overpayment or a consistent pattern of failure to notify the director shall constitute a conversion of the money by the provider. [MCL 400.111b(16).]

[4] MCL 600.1631(a) provides, in relevant part, that "[t]he county in which the seat of state government is located is a proper county in which to commence and try" an action "commenced by the attorney general in the name of the state or of the people of the state for the use and benefit thereof[.]"

[5] Originally, defendants contended that venue was proper in Wayne County because Kouza resided in Wayne County such that the cause of action arose there. As addressed in greater detail later in this opinion, defendants now argue on appeal that venue is proper in Oakland County.

[6] MCR 2.222(A) provides, in relevant part, that although venue may be proper, "[t]he court may order a change of venue of a civil action, or of an appeal from an order or decision of a state board, commission, or agency authorized to promulgate rules or regulations, for the convenience of parties and witnesses . . . ."

electronically transferred funds. The trial court also found that, under MCL 600.1629(1)(a)(*ii*), venue is proper in Oakland County because the original injury caused by the alleged conversion—NRK's refusal to return the alleged Medicaid electronic overpayments upon the request by DHHS to do so—occurred in Oakland County, where NRK had its principal place of business. The trial court did not address the application of MCL 14.102 or MCL 600.1631.

DHHS applied for leave to appeal, which this Court denied. *Dep't of Health and Human Servs v NRK RX, Inc*, unpublished order of the Court of Appeals, entered June 13, 2023 (Docket No. 364206). Then, DHHS filed an application for leave in our Supreme Court seeking to appeal this Court's order denying its original application for leave to appeal. In lieu of granting leave to appeal, our Supreme Court remanded the matter to this Court for consideration as on leave granted. *Dep't of Health and Human Servs v NRK RX, Inc*, 513 Mich 853 (2023). This appeal then followed.

## II. STANDARD OF REVIEW

"We review for clear error a circuit court's decision to grant or deny a motion to change venue." *Hills & Dales Gen Hosp v Pantig*, 295 Mich App 14, 19; 812 NW2d 793 (2011). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). "This Court reviews de novo questions of statutory interpretation." *Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 624; 752 NW2d 37 (2008).

## III. OAKLAND COUNTY IS THE PROPER VENUE BASED ON THE CONTROLLING VENUE STATUTES

"Venue is controlled by statute in Michigan." *Dimmitt*, 481 Mich at 624, citing *Omne Fin, Inc v Shacks, Inc*, 460 Mich 305, 309; 596 NW2d 591 (1999). Accordingly, analysis of this issue requires us to interpret and apply Michigan's venue statutes.

MCL 600.1641 addresses proper venue is cases where there is more than one type of claim raised in the complaint. Relevant here, MCL 600.1641(2) provides:

> If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629.[7]

Here, in the matter before us, the language of MCL 600.1641(2), i.e., "venue shall be determined under the rules applicable to actions in tort as provided in section 1629," is mandatory through the Legislature's use of the term "*shall be.*" As we have previously ruled, the Legislature's "use of the word 'shall' . . . indicates a mandatory and imperative directive." *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 114; 845 NW2d 81 (2014). By use of the term "shall," the Legislature

---

[7] MCL 600.1629.

-4-

indicates that satisfaction of the requirements in MCL 600.1629 is a mandatory precondition for DHHS to file a civil tort action. *Id.* Thus, in the matter before us, we must apply MCL 600.1629 to determine proper venue.

MCL 600.1629 provides a hierarchy of criteria for determining the proper venue in tort actions. See *Massey*, 462 Mich at 381-385 (analyzing MCL 600.1629 and its subparts sequentially, beginning with MCL 600.1629(1)(a)). The first provision in the hierarchy, MCL 600.1629(1)(a), provides that, in an action based in tort:

> The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (*i*) The defendant resides, has a place of business, or conducts business in that county.
>
> (*ii*) The corporate registered office of a defendant is located in that county.

Accordingly, in applying MCL 600.1629(1)(a), the first step is to determine the county in which the original injury occurred.

DHHS has pled tort claims for common-law conversion and statutory conversion related to Medicaid overpayments, MCL 400.111b(16). In the civil context, conversion is defined as "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 351-352; 871 NW2d 136 (2015) (quotation marks and citation omitted). Refusing to return property to its owner upon demand can constitute an act of conversion. *Id*. at 352. See also MCL 400.111b(16).

In *Ground Development, Inc v Doyle & Lang, LLC*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2005 (Docket No. 255202),[8] this Court considered the location of the original injury underlying the plaintiff's conversion claim. There, the defendant leased equipment to the plaintiff. *Id*. at 1. The lease included a purchase option that permitted the plaintiff to purchase the equipment once all of the payments were made. *Id*. If, however, the plaintiff failed to make timely payments, then the defendant could repossess the equipment. *Id*. The plaintiff provided the defendant a check that was returned for nonsufficient funds, and the defendant repossessed the equipment. *Id*. The plaintiff then provided the defendant a check for the full amount owed under the contract and claimed that it was entitled to purchase the equipment. *Id*. The defendant disagreed and refused to return the equipment. *Id*. The plaintiff filed suit alleging conversion, among other claims. *Id*. Analyzing the proper venue for the action under MCL 600.1629(1)(a), this Court held that the original injury occurred when the defendant refused

---

[8] Although unpublished opinions are not binding precedent, MCR 7.215(C)(1), they may be considered persuasive or instructive. *Kern v Kern-Koskela*, 320 Mich App 212, 241; 905 NW2d 453 (2017).

to return the equipment and concluded that the original injury occurred in the county where the refusal took place. *Id.*

Thus, with *Ground Development* as a guide, the original injury occurred when defendants refused to return the disputed Medicaid funds upon request. We acknowledge that a statutory conversion claim under MCL 400.111b(16) could encompass other types of conduct and other types of harms, including the harm that occurs as soon as a defendant wrongfully obtains money from state coffers, i.e., a conversion akin to that of straight-out Medicaid fraud. But that is not how DHHS alleges this conversion occurred. DHHS filed this case after administrative proceedings that determined the amount of the overpayment and defendants failure to return the overpaid funds. Thus, DHHS alleges that defendants' refusal to return the funds to it at that point constitutes a single injury. Notably, NRK is the enrolled Medicaid provider, and Kouza is its ostensible owner. DHHS made a joint request for NRK and Kouza to return the entirety of the disputed Medicaid funds, but NRK did not do so and Kouza did not do so on NRK's behalf. The parties also do not dispute that NRK's registered office is located in Oakland County. It follows, then, that the original injury occurred in Oakland County, the county in which NRK has its corporate office and where it refused to return the funds to DHHS. In light of these circumstances, Oakland County is a proper venue under MCL 600.1629(1)(a)(*ii*).

DHHS argues that MCL 600.1629(1)(a) and its subparts do not apply if there are multiple defendants in a case. DHHS is incorrect. Our Supreme Court addressed the application of MCL 600.1629(1)(a) and its subparts in *Massey*, 462 Mich 375. There, the plaintiff brought a wrongful-death action against multiple defendants. *Id.* at 377-378. Interpreting MCL 600.1629(1)(a), our Supreme Court concluded that for purposes of determining venue, MCL 600.1629(1)(a)(*i*) did not apply because it addresses a singular defendant. *Id.* at 381-382. The Court explained:

> The use of the word "the" has a meaning that is different than the word "a." Subd. (1)(a)(*i*) does not say "a defendant" resides, has a place of business, or conducts business in the county. Nor does it say "one of the defendants." Rather, it says "the defendant." . . . "The" and "a" have different meanings. "The" is defined as "definite article. 1. (used, esp. before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an). . . ." *Random House Webster's College Dictionary*, p 1382. Moreover, when, as in subd. (1)(a), the Legislature has qualified the same word with the definite article "the" in one instance (subd [1][a][*i*]) and the indefinite article "a" in another instance (subd. [1][a][*ii*]), and both are within the same subsection of a statute, even more clearly there can be no legitimate claim that this Court should read "the" as if it were "a." [*Id.* at 382 n 5.]

After concluding that MCL 600.1629(1)(a)(*i*) did not apply, the Court went on to state that, under MCL 600.1629(1)(a)(*ii*), "venue would be required to be in the county where the original injury occurred if *a defendant* is a corporation and its registered corporate office is in the same county." *Id.* at 383 (emphasis added). The Court explained that the statute's reference to *a* defendant, as opposed to *the* defendant, "should be understood to cover a case with more than one defendant and one of them is a corporation." *Id.* Thus, MCL 600.1629(1)(a)(*ii*)'s application is not limited to cases involving a single defendant.

Because the original injury in the matter before us occurred in Oakland County, and the parties agree that defendant NRK's corporate registered office is located there, the trial court did not clearly err when it held that Oakland County is the proper venue under Michigan's tort venue statutes.

## IV. INGHAM COUNTY IS NOT A PROPER VENUE

DHHS's argument relating to MCL 600.1631(a) and MCL 14.102 is unpreserved. See *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Prior to this remand by our Supreme Court, DHHS did not cite MCL 14.102 in any of its filings in the trial court or in this Court.[9] In the trial court, DHHS initially took the position that MCL 600.1641(2), with its mandatory language, is controlling in this matter, and it did not waiver from that contention until filing its brief on remand to this Court.[10] Regardless of the fact that DHHS failed to preserve this issue for appeal, and despite recent protestations by DHHS to the contrary, we agree with defendants that MCL 600.1631(a) and MCL 14.102 are permissive venue statutes, but MCL 600.1641(2) is mandatory and is controlling here.

MCL 600.1631 states that "[t]he county in which the seat of state government is located is *a* proper county in which to commence and try the following actions: (a) when the action is commenced by the attorney general in the name of the state or of the people of the state for the use and benefit thereof . . . ." (Emphasis added.) This Court specifically has recognized the difference between definite and indefinite articles. See *Attorney Gen v Kent Co Rd Comm*, 184 Mich App 525, 528; 459 NW2d 11 (1990) (explaining that "the" proper venue for action in one statute overrides indefinite "a" proper venue in another);[11] *Borman v State Farm Fire & Cas Co*, 198 Mich App 675, 678-679; 499 NW2d 419 (1993) (legislative use of "the" in statutory insurance policy overrides the use of "any" in contract language in the defendant's policy). In *Kent Co Rd Comm*, like in the instant matter before us, the Attorney General filed suit in Ingham County asserting venue was proper in that matter under MCL 600.1631(a). *Kent Co Rd Comm*, 184 Mich App at 526. The defendant claimed that venue should have been determined under MCL 600.1615, which applies to actions against a governmental unit. *Id*. This Court held that the indefinite article

---

[9] DHHS first mentions MCL 14.102 in its November 22, 2023 appellate brief on remand. MCL 14.102 provides that "[a]ny action at law brought by the attorney general in the name of the state or of the people of the state, for the use and benefit thereof, may be begun in the circuit court in and for the county of Ingham . . . ."

[10] In the trial court, DHHS stated, "In Michigan, the general venue rules favor bringing lawsuits to defendants. MCL 600.1621(a). But special venue rules apply to tort claims and are primarily concerned with bringing the case where the resulting injury occurred. MCL 600.1629; see also MCL 600.1641(2). In this case, Plaintiff asserted, among others, two tort claims: conversion and statutory conversion. Therefore, the special venue provisions for torts would apply. The special tort rules are applied in a hierarchy . . . ."

[11] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

"a" in MCL 600.1631(a) was an expression of the Legislature's intent that Ingham County was merely "a" proper venue. *Id*. at 528. On the other hand, MCL 600.1615[12] uses mandatory language designating the home county of a governmental unit as "the" proper venue. *Id*. Therefore, because MCL 600.1615 uses mandatory language, and MCL 600.1631(a) is merely permissive, venue should have been determined under MCL 600.1615 rather than MCL 600.1631(a). *Id*.

Similarly, in the matter before us, MCL 600.1641(2) uses the mandatory language "shall," which requires us to apply the venue rules under MCL 600.1629(1)(a). We reach this result because the Legislature's command in MCL 600.1641(2) is plain, unambiguous, and permits only one interpretation, that we must determine venue in this matter by applying the rules set forth in MCL 600.1629(1)(a). When the language of a statute is unambiguous, as is MCL 600.1629(1)(a), we give effect to its plain meaning. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). We cannot fathom a more unambiguous directive than that found in MCL 600.1641(2), "venue shall be determined under the rules applicable to actions in tort as provided in section 1629." While, in cases where more than one statute may appear to be applicable to a factual scenario and a conflict results, if possible, we must attempt to construe the statutes harmoniously. *Wells Fargo Rail Co v Dep't of Treasury*, 344 Mich App 351, 363; 1 NW3d 373 (2022). But in the instant matter, the Legislature's command in MCL 600.1641 that "venue shall be determined under the rules applicable to actions in tort as provided in section 1629," means just that, and there is no carve out for actions brought by DHHS nor is there an exception made for MCL 14.102 and MCL 600.1631(a).[13]

As such, DHHS's claim that it can choose whether to follow MCL 600.1631(a) or MCL 600.1629 because the latter statute uses the phrase "a county" must be rejected. This interpretation ignores MCL 600.1641(2)'s directive that trial courts "shall" follow MCL 600.1629, and there is

---

[12] MCL 600.1615 reads, "[A]ny county in which any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision, exercises or may exercise its governmental authority is *the* proper county in which to commence and try actions against such governmental units, except that if the cause of action arose in the county of the principal office of such governmental unit, that county is the proper county in which to commence and try actions against such governmental units." (Emphasis added.)

[13] Thus, we do not believe that an implied revocation analysis is necessary to resolve the matter before us.

Moreover, MCL 14.102 was enacted in 1919, more than 70 years prior to enacting MCL 600.1641(2) in 1995. We must presume that the Legislature recognized that an occasion may arise where the venue statutes might seemingly conflict or otherwise provide varying means to determine venue. While not germane to the matter before us, we see MCL 600.1641(2) as an alternative to determining venue when a complaint pleads a tort and there is a question about which of the venue statutes may apply. This is because it states that "venue *shall* be determined under the rules applicable to actions in tort as provided in section 1629" whenever any of the causes of action "is based on tort." MCL 600.1641(2) (emphasis added).

-8-

nothing in MCL 600.1629 that allows MCL 14.102 or MCL 600.1631(a) to be determinative of venue. We agree with defendants that if DHHS's conclusion that it can choose whether to apply MCL 600.1629 or MCL 600.1631(a) is allowed, then the mandatory language of MCL 600.1641(2) is rendered meaningless and superfluous.[14]

Further, while not necessary for our analysis, we note the possibility that MCL 14.102 and MCL 600.1631(a) contemplate only those cases in which the Attorney General is the named plaintiff, or perhaps cases in which the state is the named plaintiff. In this regard, MCL 14.102 refers to an action "brought by the attorney general" while MCL 600.1631(a) refers to an action "commenced by the attorney general."[15] For example, in *Attorney Gen v Diamond Mortgage Co*, 414 Mich 603; 327 NW2d 805 (1982), the Attorney General was the named plaintiff alleging that the defendant violated the Michigan Consumer Protection Act, MCL 445.901 *et seq*. Our Supreme Court indicated that venue was proper in Ingham Circuit Court under MCL 600.1631(a). See *id*. at 618. Similarly, in *Kelley v Atwell*, the named plaintiff was Frank J. Kelley, Attorney General,

---

[14] In her concurring opinion in *Massey*, JUSTICE CORRIGAN aptly explained the practical effect of MCL 600.1641(2), which is that MCL 600.1629 takes precedence over other venue provisions:

> Subsection 1641(2) creates a preference for § 1629 over the other substantive venue statutes.
>
> Consider, for instance, a complaint that joins a cause of action sounding in tort with a cause of action sounding in contract. The proper venue for the tort cause of action would be determined by reference to § 1629, which is the substantive venue provision applicable to tort actions. The proper venue for the contract cause of action would be determined by reference to § 1621, which is the substantive venue provision applicable to contract actions. Under the general rule set forth in subsection 1641(1), either of these venues would be permissible for the entire case. Under the exception set forth in subsection 1641(2), however, only the venue determined proper by reference to § 1629 would be permissible for the entire case. Thus, the practical effect of subsection 1641(2) is that, in cases involving joinder of multiple causes of action, venues determined by reference to § 1629 take precedence over venues determined by reference to the other substantive venue provisions. [*Massey*, 462 Mich at 389-390 (CORRIGAN, J., concurring).]

DHHS's interpretation of MCL 600.1629 would render MCL 600.1641(2) nugatory, and is precisely what Justice Corrigan counseled against, and which we rule against here.

[15] To illustrate the point, suppose that John Doe, an ordinary citizen, files a tort complaint against a particular defendant. We would correctly say that the action is "brought" or "commenced" by John Doe, not the attorney or law firm responsible for drafting and filing the complaint. So too here. This case is "brought" or "commenced" by DHHS, not the Attorney General, which is why DHHS is the named plaintiff.

who alleged that the defendant violated the Deceptive Advertising Act, MCL 445.801 *et seq*. This Court explained that the action was properly filed in Ingham Circuit Court under MCL 14.102. *Id*. at 222. Thus, it is at least arguable that MCL 14.102 and MCL 600.1631(a) do not apply here for the alternate reason that DHHS is the named plaintiff.[16]

## V.  CONCLUSION

We affirm the trial court's conclusion that Oakland County is the proper venue for this matter.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien

---

[16] Indeed, DHHS states as follows in its brief on appeal:

> The Attorney General's ability to choose to sue in Ingham County has a long history. As early as 1894 the Michigan Supreme Court affirmed the Attorney General's statutory choice to bring suit in Ingham County, even where it was not the location of the dispute. In *McMullen v Ingham Circuit Judge*, 102 Mich 608, 611 (1894), the Attorney General commenced a lawsuit on behalf of several citizens in Ingham County. The defendants argued that the suit should be maintained in Cheboygan County, where the dispute arose. *Id*. at 610. But the Supreme Court relied on a venue statute allowing the Attorney General to elect to sue in Ingham County to hold that the location was proper, stating that "[t]he power of the legislature to provide that such suits may be instituted in the county of Ingham, where the office of the law department of the state is located, is beyond question." *Id*. at 611–612.

As we have noted, however, there is a distinction between the Attorney General as the named plaintiff and a different state agency as the named plaintiff.